NEBRASKA MIL-NIC, INC., A CORPORATION, APPELLANT, V. HALL COUNTY, NEBRASKA, ET AL., APPELLEES, CITY OF GRAND ISLAND, NEBRASKA, ET AL., INTERVENERS-APPELLEES.

193 N. W. 2d 450

Filed January 7, 1972. No. 37983.

E. Merle McDermott, for appellant.

Sam Grimminger and Gerald Buechler, for appellees.

Duane A. Burns, Kenneth H. Elson, James D. Livingston, and Walter Lauritsen, for interveners-appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is an action for the refund of real and personal property taxes. Plaintiff alleges that its property was purportedly annexed to the City of Grand Island on November 20, 1963, by virtue of Ordinance No. 4075. On March 15, 1968, the district court for Hall County in a case entitled Pokorski v. City of Grand Island (following our decision in Williams v. County of Buffalo, 181 Neb. 233, 147 N. W. 2d 776), adjudged Ordinance No. 4075 to be unconstitutional and void, and the taxes levied by the city and School District No. 2 were therefore void. Plaintiff, relying on this ruling, prays for a refund of taxes for the years 1964, 1965, and 1966, a sum in excess of $30,000. This action was commenced on November 13, 1969, by the filing of a claim with the Hall County Treasurer and Board of Supervisors, pursuant to section 77-1736.04, R. S. Supp., 1967, the general tax refund statute. The County Board denied the refund and an appeal was taken to the district court. The district court dismissed the action, holding that it was barred by the statute of limitations. We affirm the judgment of the district court.

Section 77-1736.04, R. S. Supp., 1967, provides in part: "If, by judgment or final order of any court of competent jurisdiction in this state, in an action not pending on appeal or error, it has been or shall be adjudged and determined that any personal property or real estate tax, assessment, or penalty or any part thereof, was illegal and such judgment or order has not been made or shall not be made in time to prevent the collection or payment of such tax, assessment, or penalty, then such tax, assessment, or penalty, whether expended or not, which has been collected pursuant to such illegal tax,

assessment or penalty for the year such tax, assessment or penalty is determined to be illegal shall be repaid and refunded in the county where originally paid to the person paying such tax, assessment, or penalty. * * * If the tax, assessment, or penalty has been distributed by a collecting officer, then the person claiming a refund, or the agent or authorized representative of such person, shall file a claim with the county treasurer for such refund within two years after the final judgment is entered declaring such tax, assessment, or penalty as illegal."

Plaintiff contends that the tax was adjudged void in the Pokorski case which was decided March 15, 1968, and that he has commenced his action for the refund within 2 years of that date and hence within the statutory period.

The defendants contend that the applicable statute of limitations is section 18-1717, R. R. S. 1943, and that under its terms this action is barred because it was not commenced within 1 year from April 29, 1967. The statute provides: "Any party affected by any annexation of property made by any city or village prior to April 29, 1967, *whose rights have not already been barred by any other applicable statute of limitations,* shall be required to commence any action or proceeding of any kind or nature, whether legal or equitable, to contest such annexation or to contest any act done prior to April 29, 1967 pursuant to such annexation, within one year from April 29, 1967 or the same shall be forever barred. The period of time prescribed by this section for bringing an action shall not be tolled or extended by nonresidence or disability. The limitation of this section shall also apply to any action or proceeding of any kind or nature, whether legal or equitable, to contest any annexation or to contest any act done prior to April 29, 1967 pursuant to such annexation, which annexation was made pursuant to any statute of this state which has

been, on April 29, 1967, declared to be unconstitutional." (Emphasis supplied.)

We agree that section 18-1717, R. R. S. 1943, is applicable in this case. An examination of the underlying history fortifies this conclusion.

*In 1963* the Legislature enacted L.B. 338, Laws 1963, c. 59, p. 249. This bill revised the procedures for extending the boundaries of cities of the first class. Ordinance No. 4075, under which plaintiff's property was annexed to the City of Grand Island, was enacted pursuant to the terms of L.B. 338. On *January 6, 1967,* this court rendered its decision in Williams v. County of Buffalo, *supra,* declaring L.B. 338 unconstitutional. This invalidation of the enabling statute undermined all municipal annexation ordinances enacted under it. Cities of the first class were thus exposed to a potential financial crisis in that annexations and the taxes levied under them were stripped of their legality, and numerous tax refund claims could be expected. Section 18-1717, R. R. S. 1943 (enacted with the emergency clause on April 29, 1967), was specifically designed to alleviate their predicament by strictly limiting the period during which such claims could be made. The 1-year statute of limitations is reasonable, serves a good policy, and was obviously designed to deal with precisely the situation before the court.

The phrase "to contest any act done * * * *pursuant* to such annexation," in section 18-1717, R. R. S. 1943, is clearly broad enough to encompass an attack on taxes levied by virtue of a purportedly illegal annexation. Thus, both this statute, and section 77-1736.04, R. S. Supp., 1967, deal with the general subject of contesting illegally collected taxes. Under these circumstances, the special statute of limitations enacted in 1967 dealing with annexation controls over the more general limitation of actions for tax refunds, because the special statute is later and specifically expresses the legislative will. Stacey v. Pantano, 177 Neb. 694, 131 N. W. 2d 163.

The judgment of the trial court is correct and is affirmed.

AFFIRMED.