SPORTS COURTS OF OMAHA, LTD., A NEBRASKA LIMITED PARTNERSHIP, APPELLANT AND CROSS-APPELLEE, V. HARRY W. MEGINNIS, JR., APPELLEE AND CROSS-APPELLANT.

497 N.W.2d 38

Filed March 12, 1993.   No. S-90-546.

Daniel E. Klaus and Donald L. Dunn, of Rembolt Ludtke Parker & Berger, for appellant.

W. Michael Morrow, of Hecht, Sweet, Morrow, Poppe & Otte, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and FAHRNBRUCH, JJ.

SHANAHAN, J.

Sports Courts of Omaha, Ltd., sued Harry W. Meginnis, Jr., as a comaker of a promissory note to Sports Courts. The district court for Lancaster County granted summary judgment to Meginnis on three bases, one of which is the 3-month statute of limitations contained in Neb. Rev. Stat. § 76-1013 (Reissue 1990) of the Nebraska Trust Deeds Act.

Sports Courts appeals and, referring to the statute of limitations issue, contends that the general 5-year statute of

limitations, expressed in Neb. Rev. Stat. § 25-205 (Reissue 1989), governs the time limit for commencement of the action against Meginnis. In his cross-appeal, Meginnis claims that the district court erred by refusing to award an attorney fee to Meginnis for Sports Courts' action which, according to Meginnis, was frivolous.

## STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Neb. Rev. Stat. § 25-1332 (Reissue 1989). See, also, *Anderson v. Service Merchandise Co.*, 240 Neb. 873, 485 N.W.2d 170 (1992); *Union Pacific RR. Co. v. Kaiser Ag. Chem. Co.*, 229 Neb. 160, 425 N.W.2d 872 (1988).

Interpreting a statute presents a question of law for judicial determination. See, *Sarpy County v. City of Springfield*, 241 Neb. 978, 492 N.W.2d 566 (1992); *Weimer v. Amen*, 235 Neb. 287, 455 N.W.2d 145 (1990); *Sorensen v. City of Omaha*, 230 Neb. 286, 430 N.W.2d 696 (1988). "Regarding a question of law, an appellate court has an obligation to reach a conclusion independent from a trial court's conclusion in a judgment under review." *Huffman v. Huffman*, 232 Neb. 742, 748, 441 N.W.2d 899, 904 (1989). Accord, *Young v. Dodge Cty. Bd. of Supervisors, ante* p. 1, 493 N.W.2d 160 (1992); *Maack v. School Dist. of Lincoln*, 241 Neb. 847, 491 N.W.2d 341 (1992).

## BACKGROUND

According to the stipulated facts, Meginnis and Tom Schuessler were the shareholders of Tom-Har, Inc. Sports Courts sold an Omaha sports facility, including real estate and personal property, to Tom-Har for $600,000 reflected by a promissory note signed by Tom-Har, Schuessler, and Meginnis as comakers in 1984. The note was secured by a trust deed on the real estate involved in the Tom-Har sale.

On August 26, 1985, after Tom-Har failed to pay the note and had received Sports Courts' notice of default, the trustee, pursuant to the power of sale expressed in the trust deed, sold real estate described in the deed, but the proceeds from the sale

were insufficient to pay the indebtedness of the sale price and corresponding promissory note.

*Sports Courts' Douglas County Actions.*

Before liquidating property under the deed of trust, Sports Courts had sued Meginnis and Schuessler in Douglas County on April 15, 1985, seeking $630,495 as principal and interest on the promissory note for the sale price. On April 23, 1986, the district court dismissed Sports Courts' action for want of prosecution, but, on October 15, 1987, pursuant to Sports Courts' motion, the court reinstated the suit. However, on April 18, 1988, the court again dismissed the Sports Courts action for failure to prosecute and, on June 30, 1989, refused to reinstate the action. On July 28, Sports Courts appealed the judgment denying reinstatement, but, on January 10, 1990, Sports Courts voluntarily dismissed its appeal.

On November 15, 1988, some 7 months after the district court had dismissed the first action on the note, Sports Courts filed a second suit on the promissory note. Meginnis was the only defendant in this second action. On May 12, 1989, Sports Courts dismissed the second action without prejudice.

*The Lancaster County Action.*

On November 13, 1989, 2 months before dismissal of its appeal from Douglas County, Sports Courts sued Meginnis in the district court for Lancaster County in an action essentially identical to its previous actions in Douglas County. Sports Courts alleged that, although the trustee had sold Tom-Har's real estate in 1985 under the deed of trust, there was still an unpaid balance on the note given by Tom-Har, Schuessler, and Meginnis. On June 30, 1989, the district court granted summary judgment to Meginnis on the grounds that (1) the district court for Lancaster County lacked subject matter jurisdiction because Sports Courts' appeal from Douglas County was pending when the action was filed in Lancaster County; (2) dismissal by the court in Douglas County operated as a res judicata bar to the action in Lancaster County; and (3) the action was barred by the 3-month statute of limitations concerning an action to collect a deficiency after liquidation pursuant to a deed of trust, that is, the statute of limitations

expressed in § 76-1013, which in pertinent part provides:

At any time within three months after any sale of property under a trust deed, as hereinabove provided, an action may be commenced to recover the balance due upon the obligation for which the trust deed was given as security, and in such action the complaint shall set forth the entire amount of the indebtedness which was secured by such trust deed and the amount for which such property was sold and the fair market value thereof at the date of sale, together with interest on such indebtedness from the date of sale, the costs and expenses of exercising the power of sale and of the sale.

Relying on Neb. Rev. Stat. § 25-824(2) (Reissue 1989), Meginnis requested an attorney fee "due to the frivolous nature of the action filed by the plaintiff." The district court denied Meginnis' request for an attorney fee.

## ASSIGNMENTS OF ERROR

Sports Courts contends that (1) the district court for Lancaster County had subject matter jurisdiction; (2) the applicable statute of limitations is § 25-205 (an action on any agreement, contract, or promise in writing must be brought within 5 years), rather than § 76-1013 and its 3-month limitation; and (3) the doctrine of res judicata is inapplicable to bar Sports Courts' suit in Lancaster County.

In his cross-appeal, Meginnis argues that the trial court erred by refusing to award an attorney fee.

## SUBJECT MATTER JURISDICTION

The district court ruled that it lacked subject matter jurisdiction to consider Sports Court's suit because an appeal from the Douglas County action was pending when Sports Courts filed the Lancaster County action against Meginnis.

"When a trial court lacks the power, that is, jurisdiction, to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the trial court." *State v. Miller,* 240 Neb. 297, 300, 481 N.W.2d 580, 582 (1992). Accord, *Nebraska State Bar Found. v. Lancaster Cty. Bd. of Equal.,* 237 Neb. 1, 465 N.W.2d 111 (1991); *Andrews v. City of*

*Lincoln*, 224 Neb. 748, 401 N.W.2d 467 (1987). Therefore, before we can consider the merits of Sports Courts' present appeal, we must first decide whether the district court had jurisdiction to dispose of Sports Courts' action on its merits.

"Jurisdiction is the inherent power or authority to decide a case." *Chicago Lumber Co. v. School Dist. No. 71*, 227 Neb. 355, 365, 417 N.W.2d 757, 763 (1988). Accord, *State ex rel. Gaddis v. Gaddis*, 237 Neb. 264, 465 N.W.2d 773 (1991); *In re Interest of Adams*, 230 Neb. 109, 430 N.W.2d 295 (1988). "Subject matter jurisdiction is a court's power to hear and determine a case of the general class or category to which the proceedings in question belong and to deal with the general subject involved in the action before the court." *State ex rel. Gaddis v. Gaddis*, 237 Neb. at 266-67, 465 N.W.2d at 775. Accord *In re Interest of Adams, supra.*

A district court is divested of subject matter jurisdiction over a particular case when an appeal of that case is perfected to an appellate court. See *State v. Battershaw*, 220 Neb. 661, 371 N.W.2d 313 (1985) (district court lacked jurisdiction to consider a motion for new trial filed after an appeal had been perfected); *State v. Allen*, 195 Neb. 560, 239 N.W.2d 272 (1976) (district court lacked power to rule on a motion to withdraw a guilty plea after an appeal had been perfected).

However, the present case may be distinguished from *Battershaw* and *Allen*. In those cases, the issue was whether an appeal from a district court judgment divested the district court of jurisdiction over the particular case involved in the appeal. In the present case, Sports Courts appealed from a judgment of the Douglas County District Court and then filed another action in Lancaster County during pendency of the appeal. Because Sports Courts' appeal now before this court involves an action maintained in a court distinct from the site of the previous action, the rule expressed in *Battershaw* and *Allen* is inapplicable to preclude the district court's jurisdiction over Sports Courts' Lancaster County action. Therefore, the trial court had subject matter jurisdiction to dispose of Sports Courts' suit against Meginnis and erroneously concluded that it lacked jurisdiction to dispose of the case. For that reason, we now proceed to examine the merits of Sports Courts' present

appeal.

## NEBRASKA TRUST DEEDS ACT

Upholding the constitutionality of the Nebraska Trust Deeds Act, §§ 76-1001 to 76-1018 (Reissue 1990), this court stated in *Blair Co. v. American Savings Co.*, 184 Neb. 557, 558-59, 169 N.W.2d 292, 293-94 (1969):

The Nebraska Trust Deeds Act was enacted by the 1965 Legislature. Laws 1965, c. 451, p. 1423. It authorizes the use of trust deeds to secure the performance of obligations and prescribes, generally, the procedures for their execution and enforcement. The act provides that a trust deed may confer a power of sale upon the trustee. In the event of a default, the trust property may be sold by the trustee to satisfy the obligation secured. The act also provides for the substitution of trustees, reinstatement after default, and the procedure for the sale and conveyance of the trust property by the trustee.

. . . .

The Nebraska Trust Deeds Act authorizes the use of a security device which was not available prior to its enactment. The act permits the use of an instrument which may be foreclosed by sale without the necessity of judicial proceedings. It authorizes and permits a method of financing which was not formerly available, since trust deeds have been considered to be subject to the same rules and restrictions as mortgages. See *Comstock v. Michael*, 17 Neb. 288, 22 N.W. 549 [(1885)]. The act is complete in that it prescribes in detail the procedures to be followed in the execution and enforcement of trust deeds.

As observed in *Blair*, the Nebraska Trust Deeds Act provides a specific statutory plan to obtain performance of an obligation, prescribes a distinct procedure to dispose of security for performance of an obligation, and, generally, authorizes a form of financing quite apart from other methods recognized under Nebraska law.

In this appeal, the question of first impression before this court is: Which statute of limitations, § 25-205 or § 76-1013, controls the time for commencement of an action to recover the

balance due on the obligation secured by a deed of trust?

To answer the principal question concerning the applicable statute of limitations, we recognize that Meginnis was not the owner of the real estate which was the subject of the trust deed; rather, the real estate was owned by Tom-Har.

"When statutory language is plain and unambiguous, no judicial interpretation is needed to ascertain the statute's meaning so that, in the absence of a statutory indication to the contrary, words in a statute will be given their ordinary meaning." *State v. Crowdell*, 234 Neb. 469, 473-74, 451 N.W.2d 695, 699 (1990). Accord *Maack v. School Dist. of Lincoln*, 241 Neb. 847, 491 N.W.2d 341 (1992).

"A special statute of limitations controls and takes precedence over a general statute of limitations because the special statute is a specific expression of legislative will concerning a particular subject." *Murphy v. Spelts-Schultz Lumber Co.*, 240 Neb. 275, 278, 481 N.W.2d 422, 426 (1992). See, also, *Nebraska Mil-Nic, Inc. v. Hall County*, 187 Neb. 656, 193 N.W.2d 450 (1972), amended in part, 188 Neb. 345, 196 N.W.2d 522 (1972); *Stacey v. Pantano*, 177 Neb. 694, 131 N.W.2d 163 (1964); *Ray v. Sanitary Garbage Co.*, 134 Neb. 178, 278 N.W.139 (1938).

Section 76-1013 states that the 3-month statute of limitations applies to actions to recover an amount owed "upon the obligation for which the trust deed was given as security." This language unambiguously expresses that the 3-month statute of limitations applies to an action to recover a deficiency on any obligation, such as a promissory note or other contract, after sale of the real estate which secured the obligation pursuant to the Nebraska Trust Deeds Act. Section 76-1013 contains nothing that restricts application of the 3-month limitation only to an action against one who owned, or had title to, the real estate that secured an obligation and was liquidated pursuant to the Nebraska Trust Deeds Act. Thus, the obligation secured by a deed of trust, not the title to the security, determines applicability or availability of the 3-month statute of limitations under § 76-1013.

For payment of the purchase price in the sale, Sports Courts required and accepted the promissory note with Meginnis as a

comaker of the note. Hence, Meginnis assumed the obligation to pay the promissory note. To assure performance of the Meginnis obligation on the note, Sports Courts used the Nebraska Trust Deeds Act and took the act with its beauty, blemishes, and whatever may be good or not so good in the act, including the 3-month statute of limitations. When the liquidation of the security in 1985 under Tom-Har's trust deed failed to produce proceeds sufficient to pay the promissory note, Sports Courts, in 1989, some 4 years after the liquidation sale, sued Meginnis for the balance due on the note. At that point, however, the 3-month period for commencement of a deficiency action pursuant to the Nebraska Trust Deeds Act had long since expired. For that reason, the district court correctly concluded that the 3-month statute of limitation, prescribed by § 76-1013, barred Sports Courts' action against Meginnis on the promissory note. Consequently, the district court properly granted Meginnis the summary judgment based on the statute of limitations expressed in § 76-1013.

## DISALLOWANCE OF AN ATTORNEY FEE

In his cross-appeal, Meginnis claims that the district court should have awarded him an attorney fee pursuant to § 25-824(2):

> Except as provided in subsections (5) and (6) of this section, . . . the court shall award as part of its judgment and in addition to any other costs otherwise assessed reasonable attorney's fees and court costs against any attorney or party who has brought or defended a civil action that alleges a claim or defense which a court determines is frivolous or made in bad faith.

Section 25-824(5) states: "No attorney's fees or costs shall be assessed if a claim or defense was asserted by an attorney or party in a good faith attempt to establish a new theory of law in this state . . . ."

A legal position is "frivolous" for purposes of § 25-824(2) if the position is "wholly without merit, that is, without rational argument based on law and evidence to support a litigant's position in the lawsuit." *Lutheran Medical Center v. City of Omaha*, 229 Neb. 802, 814, 429 N.W.2d 347, 354 (1988).

Accord, *Millard v. Hyplains Dressed Beef*, 237 Neb. 907, 468 N.W.2d 124 (1991); *Behrens v. American Stores Packing Co.*, 236 Neb. 279, 460 N.W.2d 671 (1990); *Peterson v. Don Peterson & Assoc. Ins. Agency*, 234 Neb. 651, 452 N.W.2d 517 (1990); *Shanks v. Johnson Abstract & Title*, 225 Neb. 649, 407 N.W.2d 743 (1987). An action is frivolous or in bad faith if a party attempts to relitigate the same issue previously resolved in an action involving the same party. *Stratman v. Hagen*, 221 Neb. 157, 376 N.W.2d 3 (1985); *Graham v. Waggener*, 219 Neb. 907, 367 N.W.2d 707 (1985). See, also, *Shanks v. Johnson Abstract & Title, supra*. Any doubt whether a legal position is frivolous or taken in bad faith should be resolved in favor of the one whose legal position is in question. See, *Millard v. Hyplains Dressed Beef, supra*; *First Nat. Bank v. Chadron Energy Corp.*, 236 Neb. 199, 459 N.W.2d 736 (1990); *Shanks v. Johnson Abstract & Title, supra*. On appeal, a trial court's decision allowing or disallowing an attorney fee under § 25-824 will be upheld in the absence of the trial court's abuse of discretion. Cf., *Ritchie v. Ritchie*, 226 Neb. 623, 413 N.W.2d 635 (1987) (a trial court's awarding an attorney fee, authorized by Neb. Rev. Stat. § 42-351 (Reissue 1988) in a marital dissolution action, is a matter within a trial court's discretion and is upheld on appeal in the absence of an abuse of discretion by the trial court); *Young v. Dodge Cty. Bd. of Supervisors, ante* p. 1, 493 N.W.2d 160 (1992) (amount of an attorney fee, if allowed, is within a trial court's discretion and is upheld on appeal in the absence of an abuse of discretion).

Although Sports Courts' litigation in Lancaster County was preceded by actions that resolved nothing on the merits of the claim against Meginnis, the action in Lancaster County did present a question which had yet to be answered by an appellate court in Nebraska, namely, the issue of the 3-month statute of limitations expressed in § 76-1013. We are unable to characterize Sports Courts' conduct, resisting Meginnis' affirmative defense based on the statute of limitations and litigating the issue involving the statute of limitations, as a frivolous legal position under the circumstances. Consequently, we are unable to conclude that the trial court abused its discretion in disallowing an attorney fee for Meginnis.

## CONCLUSION

Since we have determined that the statute of limitations expressed in § 76-1013 barred Sports Courts' action on Meginnis' promissory note, we do not need to address the question regarding res judicata as a bar to Sports Courts' action. We, therefore, affirm the district court's judgment based on the statute of limitations as a bar to Sports Courts' action.

AFFIRMED.