ARIZONA MOTOR SPEEDWAY, INC., AN ARIZONA CORPORATION, APPELLANT, V. WARD F. HOPPE, TRUSTEE, AND DONALD CHADD, APPELLEES.

506 N.W.2d 699

Filed October 15, 1993.   No. S-91-590.

Timothy C. Phillips, of Hecht, Sweet, Morrow, Poppe & Otte, P.C., for appellant.

Daniel E. Wherry, of Mattson, Ricketts, Davies, Stewart & Calkins, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

SHANAHAN, J.

Arizona Motor Speedway, Inc. (Speedway), brought an action for a declaratory judgment, see Neb. Rev. Stat. § 25-21,149 et seq. (Reissue 1989 & Cum. Supp. 1992), and requested an accounting of proceeds obtained from a sale pursuant to the Nebraska Trust Deeds Act, Neb. Rev. Stat. § 76-1001 et seq. (Reissue 1990 & Cum. Supp. 1992). The district court for Lancaster County granted Ward F. Hoppe, trustee, summary judgment on the basis that the trustee's distribution of funds, including the trustee's claimed fee, was correct as a matter of law so that an accounting was unnecessary. Speedway appeals.

## STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Neb. Rev. Stat. § 25-1332 (Reissue 1989). See, also, *Sports Courts of Omaha v. Meginnis*, 242 Neb. 768, 497 N.W.2d 38 (1993); *Anderson v. Service Merchandise Co.*,

240 Neb. 873, 485 N.W.2d 170 (1992); *Union Pacific RR. Co. v. Kaiser Ag. Chem. Co.*, 229 Neb. 160, 425 N.W.2d 872 (1988).

"Interpreting a statute presents a question of law for judicial determination." *Sports Courts of Omaha v. Meginnis*, 242 Neb. at 770, 497 N.W.2d at 40. Accord *Quality Equip. Co. v. Transamerica Ins. Co.*, 243 Neb. 786, 502 N.W.2d 488 (1993). "Regarding a question of law, an appellate court has an obligation to reach a conclusion independent from a trial court's conclusion in a judgment under review." *Huffman v. Huffman*, 232 Neb. 742, 748, 441 N.W.2d 899, 904 (1989). Accord, *Young v. Dodge Cty. Bd. of Supervisors*, 242 Neb. 1, 493 N.W.2d 160 (1992); *Maack v. School Dist. of Lincoln*, 241 Neb. 847, 491 N.W.2d 341 (1992).

## BACKGROUND

Hoppe is the trustee and Cornhusker Bank is the beneficiary under three trust deeds recorded in Cass County on three parcels of real estate. The trust deed for parcel 1 was recorded on September 10, 1985, and the trust deed for parcel 2 was recorded on September 16. Each of those trust deeds on the two parcels was dated September 9 and secured the "payment of the debt to the Beneficiary evidenced by the Trustor's noted [sic] of this same date in the principal sum of $115,000.00 together with interest . . . ." On January 31, 1986, Speedway filed its mortgage on parcel 1. The trust deed for parcel 3 was dated April 27, 1987, was recorded on April 29, and stated that the deed secured "payment of the debt to the Beneficiary evidenced by the Trustor's note of this same date in the principal sum of $20,000.00 together with interest . . . ." Donald Chadd obtained a judgment lien in the amount of $60,971 on June 12, 1987, against parcels 2 and 3.

Each of the three recorded deeds of trust contained a provision concerning a trustee's fee in the event of a trustee's sale after the trustor's default: "Trustee's fees hereunder shall be deemed reasonable if they are the greater of either the actual costs incurred by the Trustee or 5% of the balance of the original amount secured hereby."

After the trustor's default on payment of the notes secured by the deeds of trust, the three parcels were sold collectively to the

highest bidder for $145,000 at the trustee's sale on June 24, 1988. Hoppe, as trustee, delivered to Speedway and Chadd a "Trustee's Disbursement Statement" reflecting distribution of the $145,000 realized from the sales under the deeds of trust. According to the trustee's disbursement statement, the trustee's fee for the sale of parcels 1 and 2 was $5,750, with sale costs of $129.25. The trustee's fee for parcel 3 was $381.47, with costs of $68.20. Consequently, the trustee's fees and costs for the sales were $6,328.92. Principal and interest due Cornhusker Bank, as beneficiary, regarding the debt secured by parcels 1 and 2 was $129,307.52. The principal and interest regarding the debt secured by parcel 3 was $7,629.47. Consequently, the total due on the indebtedness to Cornhusker Bank was $136,936.99. After deduction of the trustee's fees, costs, and the indebtedness to the bank, there remained $1,734.09 for distribution to "Secondary Lien Holders," which included Speedway and Chadd. At that point, the balance of the trustor's mortgage-debt to Speedway was $84,750.

Speedway filed its declaratory judgment action to determine "the rights of defendant, Ward F. Hoppe, as trustee and the rights of [Speedway] and defendant, Donald Chadd" concerning the proceeds of the sale under the Nebraska Trust Deeds Act. Speedway also requested an accounting "as to all moneys and properties received and held by [the trustee] in connection with the discharge of his duties required pursuant to the Nebraska Trust Deeds Act" concerning the sale of the three parcels.

Hoppe moved for summary judgment concerning the trustee's fees and costs reflected in the trustee's disbursement statement. The district court determined that the "beneficiary and the trustee had an agreement regarding the fees to be paid to the trustee for services as a trustee" concerning sales of the real estate described in the deeds of trust, and it further determined that the trustee's fees of $5,750 for the sales of parcels 1 and 2 and $381.47 for parcel 3 "did not exceed 5% of the balance of the original amount secured by the three Trust Deeds." In view of the fee arrangement between the trustee and beneficiary, the district court ruled that $6,328.92 was the amount due the trustee as the "fees actually incurred [that is]

those fees agreed upon between the trustee and beneficiary." Consequently, the trustee's fee and costs of $6,328.92, as a matter of law, was the correct amount due the trustee; hence, an accounting was unnecessary. The court then dismissed Speedway's action.

## ASSIGNMENTS OF ERROR

Speedway contends that the district court erroneously granted summary judgment to Hoppe because (1) § 76-1011 of the Nebraska Trust Deeds Act allows compensation to a trustee only for the "fees actually incurred," that is, for the "trustee's services necessary after the trustor's default" and "not exceeding the amount provided in the trust deed," and (2) the court refused to order an accounting by the trustee.

## NEBRASKA TRUST DEEDS ACT

This appeal presents a question of first impression regarding a trustee's fee allowable under § 76-1011 of the Nebraska Trust Deeds Act, which states:

> The trustee shall apply the proceeds of the trustee's sale, first, to the costs and expenses of exercising the power of sale and of the sale, including the payment of the trustee's fees actually incurred not to exceed the amount which may be provided for in the trust deed, second, to payment of the obligation secured by the trust deed, third, to the payment of junior trust deeds, mortgages, or other lienholders, and the balance, if any, to the person or persons legally entitled thereto.

Hoppe contends that § 76-1011 contains no "mandate or prohibition regarding type, kind, quality, or quantity of fees that may be charged for acting as Trustee except as the same may be limited by the terms set forth in the Trust Deed." Brief for appellee at 3-4. Hoppe then argues that because "there was a limitation set forth within the Trust Deed to five percent (5%) of the original amount secured by the Deed of Trust," the amount of the fee "would have been for the first and second Trust Deeds, each $5,750.00; for the third Trust Deed, $1,000.00." Brief for appellee at 4. In contrast, Speedway contends that an "actually incurred" fee must necessarily be calculated according to the trustee's services actually rendered,

and, therefore, is unascertainable before completion of the trustee's duties. Speedway argues that § 76-1011 imposes a limit on a trustee's fees, namely, a trustee's fee cannot "exceed the amount which may be provided for in the trust deed."

When asked to interpret a statute, an appellate court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. A court has a duty to discover, if possible, legislative intent from the statute itself. *NC+ Hybrids v. Growers Seed Assn.*, 219 Neb. 296, 363 N.W.2d 362 (1985); *Adkisson v. City of Columbus*, 214 Neb. 129, 333 N.W.2d 661 (1983). "When statutory language is plain and unambiguous, no judicial interpretation is needed to ascertain the statute's meaning so that, in the absence of a statutory indication to the contrary, words in a statute will be given their ordinary meaning." *State v. Crowdell*, 234 Neb. 469, 473-74, 451 N.W.2d 695, 699 (1990). Accord, *Sports Courts of Omaha v. Meginnis*, 242 Neb. 768, 497 N.W.2d 38 (1993); *Maack v. School Dist. of Lincoln*, 241 Neb. 847, 491 N.W.2d 341 (1992). "As a series or collection of statutes pertaining to a certain subject matter, statutory components of an act, which are in pari materia, may be conjunctively considered and construed to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible." *Wounded Shield v. Gunter*, 225 Neb. 327, 333, 405 N.W.2d 9, 13 (1987). Accord, *Maack v. School Dist. of Lincoln, supra*; *Indian Hills Comm. Ch. v. County Bd. of Equal.*, 226 Neb. 510, 412 N.W.2d 459 (1987).

> [An appellate court], in construing a statute, looks to the objects to be accomplished, the evils and mischief sought to be remedied, or the purposes to be served, and places upon the statute a reasonable or liberal construction which will best effect its purpose rather than one which will defeat it. [Citation omitted.] Further, effect must be given, if possible, to all the several parts of a statute. No sentence, clause, or word should be rejected as meaningless or superfluous if it can be avoided. It is not within the province of this court to read meaning into a

statute that is not warranted by legislative language; neither is it within the province of the court to read anything plain, direct, and unambiguous out of a statute.

*NC+ Hybrids v. Growers Seed Assn.*, 219 Neb. at 299, 363 N.W.2d at 365.

In *Blair Co. v. American Savings Co.*, 184 Neb. 557, 558-59, 169 N.W.2d 292, 293-94 (1969), this court stated:

The Nebraska Trust Deeds Act was enacted by the 1965 Legislature. Laws 1965, c. 451, p. 1423. It authorizes the use of trust deeds to secure the performance of obligations and prescribes, generally, the procedures for their execution and enforcement. The act provides that a trust deed may confer a power of sale upon the trustee. In the event of a default, the trust property may be sold by the trustee to satisfy the obligation secured. The act also provides for the substitution of trustees, reinstatement after default, and the procedure for the sale and conveyance of the trust property by the trustee.

. . . .

The Nebraska Trust Deeds Act authorizes the use of a security device which was not available prior to its enactment. The act permits the use of an instrument which may be foreclosed by sale without the necessity of judicial proceedings. It authorizes and permits a method of financing which was not formerly available, since trust deeds have been considered to be subject to the same rules and restrictions as mortgages.

Our first inquiry concerns the meaning of the phrase "actually incurred" as used in § 76-1011, since neither the statute nor any other part of the Nebraska Trust Deeds Act supplies a definition of "actually incurred." However, "actual" is defined in Webster's Third New International Dictionary, Unabridged 22 (1981) as "existing in act . . . : EXISTENT — contrasted with *potential* and *possible* . . . existing in fact or reality : really acted or acting or carried out — contrasted with *ideal* and *hypothetical.*" "Actually" means "in act or in fact : REALLY." *Id.*

Hoppe asserts that the deed of trust, as a contract between Cornhusker Bank and Hoppe, established the fee to be paid to

the trustee. According to Hoppe, inasmuch as the deed of trust stated the trustee's fees would be deemed reasonable " 'if they [were] the greater of either the actual costs incurred by the Trustee or 5% of the balance of the original amount secured hereby,' " brief for appellee at 1, the predetermined trustee's fee was "actually incurred" on completion of the trustee's required duties.

Section 76-1005 of the Nebraska Trust Deeds Act provides that "[a] power of sale may be conferred upon the trustee which the trustee may exercise and under which the trust property may be sold . . . after a breach of an obligation for which the trust property is conveyed as security . . . ." Under § 76-1011, the proceeds from the sale of the trust property apply "first, to the costs and expenses of exercising the power of sale and of the sale, including the payment of the trustee's fees." Based on the foregoing statutory provisions, a trustee's fee is an expense engendered by the sale of real estate that is security under a trust deed. Although a trust deed may confer the power of sale, this authority for a sale is not activated without a trustor's default on the secured obligation. Thus, a trustee's services, as a basis for compensation related to a deed of trust, do not arise before a trustor's default, and, indeed, will never materialize in the absence of a trustor's default. Consequently, a trustee's fee cannot be "actually incurred" before a trustor's default and, therefore, cannot be ascertained at the time the deed of trust is signed.

Considering the Nebraska Trust Deeds Act as a whole and giving the words of § 76-1011 their ordinary meaning, a fee "actually incurred" means a fee that is based on services rendered. Because the duty to perform services arises only on a trustor's default, a trustee's fees cannot be fixed at the time the trust deed is executed. Therefore, the contract between Hoppe and Cornhusker Bank could not establish the fee due Hoppe as trustee.

We must also examine the language of § 76-1011 which provides that proceeds from a sale are applied to fees actually incurred "not to exceed the amount which may be provided for in the trust deed." Hoppe argues that this language "implies that any fee which does not exceed that amount set forth in the

trust deed would be allowed." Brief for appellee at 3. As we interpret § 76-1011, the statute clearly authorizes a contractual limit on a trustee's fee. Nevertheless, a trustee's fee is governed by § 76-1011 and must be "actually incurred."

A hypothetical example may illustrate the situation contemplated by the Nebraska Trust Deeds Act. Assume a deed of trust secures a promissory note in the original principal amount of $100,000. Under the deed of trust, a trustee has the power of sale in accordance with § 76-1005, but the deed provides that the trustee's fee shall not exceed 5 percent of the original principal amount of the secured note. The trustor defaults, and the trustee, pursuant to the Nebraska Trust Deeds Act, sells the security. Assume further that the trustee's services warrant a fee of $3,000 based on reasonable time and labor expended. This $3,000 fee is "actually incurred" under § 76-1011, and, consequently, the trustee is entitled to receive payment of the $3,000 fee as a cost and expense of the trustee's sale. However, in our illustration, if the trustee's services warrant a fee of $6,000 based on reasonable time and labor expended, the limiting provision in the trust deed serves as a cap on the fee which the trustee may receive, and, for that reason, the trustee would be paid only $5,000, 5 percent of the original principal amount secured by the deed of trust.

The trust deeds in this action stated that the trustee's fees would be reasonable "if they [were] the greater of either the actual costs incurred by the Trustee or 5% of the balance of the original amount secured hereby." In view of § 76-1011, the language of the trust deeds imposes a limit of 5 percent on the trustee's fee for services actually rendered. We note that even if we were to accept the interpretation which Hoppe urges, Hoppe is still required to substantiate his services because a trustee would be required to show his or her actual services as the basis for a fee versus a percentage fee, to establish which is greater.

### SPEEDWAY'S REQUEST FOR AN ACCOUNTING

Speedway requested, but the district court refused to order, an accounting regarding Hoppe's actions as a trustee.

"An action for accounting may, under one set of circumstances, find its remedy in an action at law and,

under another, find it within the jurisdiction of equity. Where . . . the intimate relationships of the parties are involved, an adequate remedy [is] available only within the equitable jurisdiction of the court."

*American Sec. Servs. v. Vodra*, 222 Neb. 480, 492, 385 N.W.2d 73, 81 (1986) (quoting *Philip G. Johnson & Co. v. Salmen*, 211 Neb. 123, 317 N.W.2d 900 (1982)).

Generally, in order to be entitled to the equitable remedy of accounting, it is necessary to show a fiduciary or trust relationship between the parties, or a complicated series of accounts, making the remedy at law inadequate. [Citations omitted.] In an accounting action the burden is upon the plaintiff to establish his right to the accounting.

*American Sec. Servs. v. Vodra*, 222 Neb. at 492, 385 N.W.2d at 81. As stated by one author:

The relations between the trustor and trustee under a deed of trust would seem to be the same as those between a mortgagor and mortgagee, that is, to be of a business character and not of a fiduciary nature.

. . . .

When one considers the relationship between the trustee under the trust deed and the creditors secured, the elements necessary for a true trust are present, namely, identified property held for others in a fiduciary relation.

George G. Bogert, The Law of Trusts and Trustees § 29 at 374-75 (rev. 2d ed. 1984).

We hold that the Nebraska Trust Deeds Act results in a fiduciary relationship between the trustee and the creditors secured by a deed of trust. Also, under the provisions of § 76-1011 of the act, a trustee has a duty to disburse proceeds to junior lienholders according to priority and, therefore, holds sale proceeds in trust for distribution to lienholders whose interests are junior to the interest of the beneficiary designated in the deed of trust. Therefore, Speedway, although not a party to the deed of trust, became a statutory beneficiary by virtue of Cornhusker Bank's invocation of the Nebraska Trust Deeds Act.

The evidence in this case established that proceeds from the trustee's sale remain for distribution to junior lienholders after

sales proceeds were applied to the trustor's debt to Cornhusker Bank. Therefore, in the case at hand, as a statutory beneficiary, Speedway became a beneficiary in fact when a surplus remained for distribution after application of the sales proceeds to the trustor's debt owed to Cornhusker Bank.

> "The dealings of a trustee with the trust property are narrowly scrutinized by courts of equity. If impugned, they cannot stand unless characterized by the utmost good faith and candor. And the burden is upon the trustee to show their entire fairness." Where the duty of the trustee or agent requires it, he must keep true, regular and accurate accounts of all his transactions, both of receipts and disbursements, and should render a full and complete statement, supported by proper vouchers.

*Red Bud Realty Company v. South*, 96 Ark. 281, 299, 131 S.W. 340, 348 (1910) (quoting *McNeil v. Gates*, 41 Ark. 264 (1883)). Accord *A & P's Hole-in-One, Inc. v. Moskop*, 38 Ark. App. 234, 832 S.W.2d 860 (1992).

In the present case, Hoppe's disbursement statement did not specify whether the trustee's fee was based on the 5-percent provision in the deeds of trust or on services actually rendered. Thus, viewed in a most liberal and favorable light, the trustee's disbursement statement submitted by Hoppe reflects printing costs incurred for the sales, but fails to supply any information concerning the trustee's services performed, time expended, or the basis on which the trustee's fees were computed. Therefore, Hoppe's disbursement statement falls short of a full and complete accounting required from a fiduciary under the circumstances. Because the trustee's disbursement statement does not suffice as an accounting, Speedway is entitled to an equitable accounting of Hoppe's actions as trustee in connection with the exercise of the power of sale pursuant to the Nebraska Trust Deeds Act.

## SUMMARY JUDGMENT

Summary judgment is proper only where there is "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." § 25-1332. "Upon a motion for summary judgment the court examines the evidence

to discover if any real issue of fact exists." *Yankton Prod. Credit Assn. v. Larsen*, 219 Neb. 610, 614, 365 N.W.2d 430, 433 (1985). "In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence." *Union Pacific RR. Co. v. Kaiser Ag. Chem. Co.*, 229 Neb. 160, 163, 425 N.W.2d 872, 875 (1988). Accord, *Gottsch v. Bank of Stapleton*, 235 Neb. 816, 458 N.W.2d 443 (1990); *DeCamp v. Lewis*, 231 Neb. 191, 435 N.W.2d 883 (1989). " ' "A summary judgment is authorized only when the moving party is entitled to a judgment as a matter of law. If there is a genuine issue of fact to be determined, a summary judgment may not be properly entered." ' " *Yankton Prod. Credit Assn. v. Larsen*, 219 Neb. at 617, 365 N.W.2d at 434 (quoting *Wolf v. Tastee Freez Corp.*, 172 Neb. 430, 109 N.W.2d 733 (1961)).

Since we have determined that Hoppe must render an accounting concerning fees actually incurred, see § 76-1011, a genuine issue of material fact remains regarding the time and labor involved in the sale of the trust property, the skill required, the responsibility assumed, the care and diligence exhibited, and the customary charges for similar services, as well as any other factors which might bear upon an appropriate trustee's fee under the circumstances. Given these unresolved factual issues, the district court's order granting summary judgment is incorrect.

Therefore, the district court's order granting summary judgment is reversed, and this cause is remanded for reinstatement of Speedway's action and for further proceedings.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.