Bernice Colburn was employed by the Tuscaloosa County Board of Education (the "Board") as a school bus driver. In May 1995, the Board voted to accept the recommendation of its superintendent, Dr. N. Joyce Sellers, that a hearing be held on her proposed termination of Colburn's employment. After the hearing, at which Colburn appeared, the Board voted to terminate her employment. Colburn appealed the termination to the Employee Review Panel (the "Panel"), which reversed the Board's decision and ordered Colburn reinstated. The Board petitioned the trial court for a writ of certiorari. The trial court reversed the Panel's decision and remanded the cause for a new hearing. Colburn appeals, arguing that the trial court erred by reversing the Panel's order to reinstate her.
It is undisputed that Colburn's termination is governed by the Fair Dismissal Act, Ala. Code 1975, § 36-26-100 et seq. It is also undisputed that the Board and Colburn both correctly followed the procedures of the Act in seeking review of the Board's termination action and the Panel's reinstatement order. Colburn argues that in reversing the Panel's order the trial court did not properly apply the standard of review.
 "The [trial court's] review is limited to determining whether the panel's decision was supported by any substantial evidence, whether the findings and conclusions of the Panel were contrary to the uncontradicted evidence, or whether there was an improper application of the findings viewed in a legal sense."
Colbert County Board of Education v. Johnson, 652 So.2d 274,275-76 (Ala.Civ.App. 1994).
The facts are undisputed. In May 1994, Colburn was at fault in wrecking her school bus; the wreck caused over $6,000 in damage. In November 1994, Colburn failed to check the oil in her engine; this failure caused over $8,000 in damage to the bus. *Page 883 
After the November 1994 incident, Colburn received a written reprimand. In January 1995, Colburn failed to attend a mandatory drug program for bus drivers and was suspended from driving for several days. Colburn made an unusually high number of complaints about the behavior of the students on her bus. This fact indicated to the Board that Colburn did not have control of the students. Colburn also failed to report damage to 17 seats on her bus; this failure violated Board policy. The Board considered all these incidents in deciding to terminate Colburn's employment.
The Panel would not consider the first three instances of misconduct as grounds for the termination. The Panel refused to consider the May 1994 accident because it occurred more than one year before termination and because Colburn was not disciplined at the time of the accident. The Panel refused to consider the damage to the engine and her nonattendance to the drug seminar because she had been disciplined for those instances of misconduct; it concluded that to terminate her for those same instances of misconduct would amount to double jeopardy. The Panel concluded that the student discipline problems and Colburn's failure to report the damaged seats, the two factors it did consider, did not justify termination. The trial court concluded that the Panel erred as a matter of law by not considering the first three instances of Colburn's misconduct, and it remanded the cause for a new hearing before the Panel.
Ala. Code 1975, § 36-26-106, states that the Panel, in reviewing the decision of the Board,
 "shall consider whether the action of the board . . . was arbitrary or unjust or for political or personal reasons on the part of any member of the board or its staff and whether the board's action was warranted based upon the facts of the case and the employment record of the employee."
(Emphasis added.) We agree with the Board that § 36-26-106
imposes a mandatory requirement that the Panel consider the employment record. We also agree with the Board that the Panel erred as a matter of law by not considering the first three instances of misconduct cited by the Board. All three instances were documented in Colburn's employment record, and the statute does not provide a time limit on misconduct to be considered in regard to a proposed termination. Also, the constitutional prohibition against the imposition of double jeopardy does not apply to civil proceedings, including state administrative proceedings related to employment termination. Heath v. AlabamaState Tenure Comm'n, 401 So.2d 68 (Ala.Civ.App.), cert. den.,401 So.2d 72 (Ala. 1981). Therefore, we conclude that the trial court properly reversed the order of the Panel and properly remanded the cause for the Panel to consider Colburn's entire employment record.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.