EDWARD HUDSON, APPELLANT AND CROSS-APPELLEE,
v. SCHOOL DISTRICT NO. 1, LANCASTER COUNTY, NEBRASKA,
APPELLEE AND CROSS-APPELLANT.
527 N.W.2d 600

Filed July 22, 1997. No. A-96-372.

Thom K. Cope, of Bailey, Polsky, Cope & Knapp, for appellant.

Gregory H. Perry, of Perry, Guthery, Haase & Gessford, P.C., for appellee.

MILLER-LERMAN, Chief Judge, and HANNON and IRWIN, Judges.

MILLER-LERMAN, Chief Judge.

Edward Hudson appeals the order of the district court for Lancaster County sustaining the demurrer of School District No. 1, Lancaster County (School District). The School District cross-appeals the court's denial of its motion for attorney fees. For the reasons recited below, we affirm the district court's orders.

## BACKGROUND

Hudson filed a petition on January 5, 1996, against the School District; Aaron Turley, a minor child; and Terry Turley, as next friend of Aaron. The petition alleged that Hudson had been employed by the School District as a maintenance employee for 5 years when, on April 6, 1995, he was accused by a student, Aaron, of assaulting Aaron with his hand. Hudson was fired on April 12. He was also charged with assault by the Lincoln Police Department. A bench trial was held on the assault charge on June 2, following which Hudson was acquitted of the charge. According to the record, the criminal trial was conducted about 7 weeks after Hudson was fired.

In his petition, Hudson alleged four causes of action, the first two of which essentially state that the School District's actions in terminating his employment constitute a violation of the U.S. and Nebraska Constitutions' proscription against double jeopardy. Hudson's third and fourth causes of action relate to the Turleys.

The School District filed a demurrer alleging, in part, that Hudson's petition failed to state facts sufficient to constitute a cause of action against it. The School District also moved for an order awarding attorney fees and costs against Hudson.

The court sustained the School District's demurrer and dismissed Hudson's first two causes of action. The court stated that "(1) [Hudson's] employment was terminated before he was tried on the criminal charge. (2) [A]n acquittal on [a] criminal charge against an employee does not preclude an employer from terminating the employee for the identical conduct which constitued [sic] the basis for the criminal charge." The court sustained the School District's motion for costs but overruled its motion for attorney fees. This appeal and cross-appeal followed.

## ASSIGNMENTS OF ERROR

Hudson's sole assignment of error is the court's sustaining the School District's demurrer.

On cross-appeal, the School District argues that the court erred in overruling its motion for attorney fees.

## STANDARD OF REVIEW

When reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled,

together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept as true the conclusions of the pleader. *Forrest v. Eilenstine, ante* p. 77, 554 N.W.2d 802 (1996).

## ANALYSIS

The crux of Hudson's argument is that the School District and the Lancaster County courts are all subdivisions of the State of Nebraska and that his termination from employment in addition to his trial on the assault charge constitutes his being placed in jeopardy twice for the same purported offense. Citing *United States v. Halper*, 490 U.S. 435, 109 S. Ct. 1892, 104 L. Ed. 2d 487 (1989), Hudson correctly claims that a civil penalty may constitute punishment for the purpose of a double jeopardy analysis. See *id.*

Case law exists which holds that a public employee may be both terminated from his or her employment and prosecuted criminally on the same facts without a violation of double jeopardy protections. See, e.g., *U.S. v. Reyes*, 87 F.3d 676 (5th Cir. 1996); *State v. Schnittgen*, 277 Mont. 291, 922 P.2d 500 (1996). See, also, *Adkins & Webster v. North Platte Civil Service Comm.*, 206 Neb. 500, 293 N.W.2d 411 (1980); *Colburn v. Tuscaloosa County Bd. of Educ.*, 688 So. 2d 881 (Ala. Civ. App. 1997). However, it is unnecessary for this court to engage in a substantive analysis of Hudson's double jeopardy claims because he was terminated from his employment before he was tried on the criminal charge and it is the termination from employment about which he complains in the instant case.

It is a fundamental principle that an accused must suffer jeopardy before he can suffer double jeopardy. *Serfass v. United States*, 420 U.S. 377, 95 S. Ct. 1055, 43 L. Ed. 2d 265 (1975). See, also, *U.S. v. Pierce*, 60 F.3d 886 (1st Cir. 1995) (stating that Double Jeopardy Clause does not come into play until defendant has first been put into jeopardy). The Nebraska Supreme Court has stated that it has not construed Nebraska's double jeopardy clause to provide any greater protections than those guaranteed by the federal Constitution. *State v. Hansen*, 249 Neb. 177, 542 N.W.2d 424 (1996).

Hudson claims that the order in which the proceedings occur is not controlling in making a determination whether double

jeopardy has attached. Hudson directs us to language contained in *Hansen, supra,* that "[a]lthough *Halper* involved a setting where the criminal case came first and the civil case followed, from the totality of the cases discussing the issue, it is evident that the order is not significant." 249 Neb. at 185-86, 542 N.W.2d at 430-31. A reading of *Hansen* reveals that the Nebraska Supreme Court was merely stating that in conducting a double jeopardy analysis in a case in which there have been both a civil and a criminal proceeding, it does not matter whether the civil or the criminal proceeding was first in time. *Hansen* does not put in doubt the fundamental principle that an accused must first suffer jeopardy before he can suffer double jeopardy.

Hudson was terminated from his employment with the School District on April 12, 1995. His criminal bench trial took place on June 2, after Hudson had been terminated from employment. In Nebraska, jeopardy attaches when a judge, hearing a case without a jury, begins to hear evidence as to the guilt of the defendant. *State v. Detweiler,* 249 Neb. 485, 544 N.W.2d 83 (1996). At the time Hudson's employment was terminated, which termination is the subject matter of this case, he had yet to stand trial on the assault charge. Since he had not yet been placed in jeopardy, Hudson cannot successfully assert that he was placed in double jeopardy at the time he was terminated from his employment with the School District, which termination was the first action taken against him arguably akin to a penalty or punishment.

A demurrer will be sustained where there has been no narrative of the events, acts, and things done or omitted which shows a legal liability of the defendant to the plaintiff. *Sinn v. City of Seward,* 3 Neb. App. 59, 523 N.W.2d 39 (1994). Furthermore, although the pleader is ordinarily entitled to leave to amend a petition, it is not error to fail to grant leave where it is clear that no reasonable possibility exists that amendment will cure the defect. *Pilot Investment Group v. Hofarth,* 250 Neb. 475, 550 N.W.2d 27 (1996). The trial court properly granted the School District's demurrer without leave to amend.

Hudson's assignment of error is without merit. The orders of the trial court sustaining the School District's demurrer and

subsequent dismissal as to the defendant School District are affirmed.

## CROSS-APPEAL

The School District asked the trial court for an award of attorney fees, which request was denied. The School District argues on appeal that Hudson's double jeopardy claims are so lacking in a reasonable foundation in law and fact that they can reasonably be deemed frivolous.

 Neb. Rev. Stat. § 25-824(2) (Reissue 1995) allows a court to award reasonable attorney fees and court costs against an attorney or party who has brought or defended a civil action that alleges a claim or defense which the court determines is frivolous or made in bad faith. On appeal, a trial court's decision allowing or disallowing attorney fees under § 25-824 will be upheld in the absence of the trial court's abuse of discretion. *Janet K. v. Kevin B., ante* p. 169, 556 N.W.2d 270 (1996).

 The Nebraska Supreme Court has defined "frivolous," for the purposes of § 25-824, as being a legal position wholly without merit, that is, without a rational argument based on law and evidence to support the litigant's position in the lawsuit. *Sports Courts of Omaha v. Meginnis*, 242 Neb. 768, 497 N.W.2d 38 (1993). Any doubt whether a legal position is frivolous or taken in bad faith should be resolved in favor of the one whose legal position is in question. *Id.*

Although we have discounted Hudson's arguments in this appeal, we are not able to characterize his argument as "wholly without merit," nor can we conclude that the trial court abused its discretion in denying the School District's request for attorney fees. The order of the district court denying attorney fees is affirmed.

AFFIRMED.