Lester Moman, Jr., appeals his conviction for driving under the influence of alcohol, a violation of § 32-5A-191(a), Ala. Code 1975. Pursuant to § 32-5A-300, Ala. Code 1975, the director of the Department of Public Safety, an administrative agency, suspended Moman's driver's license for one year. Subsequently, a circuit court convicted Moman of driving under the influence of alcohol. The trial court sentenced Moman to two days in jail, fined him $1,100, and ordered him to pay court costs.
 I.
Moman argues that his conviction and sentence by the trial court and the suspension of his driver's license by the Department of Public Safety constitutes double jeopardy because, he says, he was punished twice for the same incident. We disagree.
Double jeopardy prohibits a person from being punished twice for the same offense.
 "The Fifth Amendment to the United States Constitution and Section 9 of the Alabama Constitution provide that no person can twice be placed in jeopardy for the same offense. The double jeopardy provisions confer three separate guarantees: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense."
Ex parte Wright, 477 So.2d 492, 493 (Ala. 1985), citing NorthCarolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076,23 L.Ed.2d 656 (1969).
Here, Moman was not subjected to double jeopardy. His driver's license was suspended by an administrative agency, not by a court empowered to punish. See R.T.M. v. State, 677 So.2d 801
(Ala.Cr.App. 1995). Double jeopardy applies strictly to *Page 228 
criminal prosecutions, not administrative proceedings.
 "`It is a basic principle that the doctrine of double jeopardy, in either its constitutional or its common law sense, has a strict application to criminal prosecutions only. . . . It has been stated that the rule of double jeopardy is applicable only when the first prosecution involves a trial before a criminal court, or at least a court empowered to impose punishment by way of fine, imprisonment, or otherwise, as a deterrent to the commission of a crime; but it also has been stated that the protection against double jeopardy applies to all proceedings irrespective of whether they are denominated civil or criminal, if the outcome may be the deprivation of a person of his liberty.'"
Moore v. State, 481 So.2d 914, 916 (Ala.Cr.App. 1985), quoting 22 C.J.S. Criminal Law § 240 (1961); see also Colburn v. TuscaloosaCounty Board of Education, 688 So.2d 881 (Ala.Civ.App. 1997) (constitutional protection against double jeopardy does not apply to civil proceedings). This court further explained in Moore that double jeopardy traditionally refers to acts of criminal punishment intended to vindicate public justice. Id. "A criminal prosecution is defined as '[a]n action or proceeding instituted in a proper court on behalf of the public, for the purpose of securing the conviction and punishment of one accused of crime.'"Id., quoting Black's Law Dictionary, 337 (rev. 5th ed. 1979).
The suspension of Moman's driver's license was not a punishment. The purpose behind suspending the driver's license of an intoxicated driver pursuant to § 32-5A-300, Ala. Code 1975, is public safety. This court has held that the underlying reason for removing from the road, a driver who was found driving under the influence of alcohol, "is not to punish the driver but to protect the public." Mechur v. State, 446 So.2d 48, 51 (Ala.Civ.App. 1984).
Chief Justice Keith, writing for the Minnesota Supreme Court in State v. Hanson, 543 N.W.2d 84 (Minn. 1996), addressed the issue now before this court. In a well-reasoned opinion, Chief Justice Keith wrote:
 "We held long ago that revocation of a driver's license does not violate constitutional protections against double jeopardy because license revocation is an exercise of the state's police power for the protection of the public, not punishment. Anderson [v. Commission of Hwys, 267 Minn. 308, 316-17,] 126 N.W.2d at 783-84 [1964]. Moreover,
 "[t]his court has repeatedly recognized that laws prohibiting a person from driving a motor vehicle while intoxicated are remedial statutes. Consequently, such laws are liberally interpreted in favor of the public interest and against the private interest of the drivers involved.'
State v. Juncewski, 308 N.W.2d 316, 319 (Minn. 1981). . . .
 "We also consider crucial that the specific penalty before us is the revocation of a driver's license. A driver's license is a privilege which, like other privileges enjoyed by citizens of this state, is one laden with civic responsibilities. Pursuant to this end, the . . . legislature has enacted a comprehensive set of statutes and regulations governing the issuance of driver's licenses. A citizen who operates a motor vehicle while under the influence of alcohol falls short in his civic duty by putting others at risk through his reckless behavior. Sober, careful drivers should not have to share the highway with drivers who neglect their civic duty by drinking and driving."
Id. at 89-90.
Here, Moman was not subjected to multiple punishments, and he was not convicted in a court of law for more than one offense. Thus, the suspension of his driver's license by the Department of Public Safety and his conviction by the trial court for driving under the influence of alcohol *Page 229 
did not constitute a violation of the Double Jeopardy Clause.
 II.
Moman further argues that the complaint in his case violated Rule 13.3, Ala.R.Crim.P., because the prosecutor charged two offenses in the same count. Specifically, he asserts that the language in the complaint "did drive or be in actual physical control of a vehicle, while under the influence of alcohol" violates Rule 13.3 because it serves to join separate offenses (i.e., driving while under the influence of alcohol and being in physical control of a vehicle while under the influence of alcohol) in the same count.
A reviewing court cannot consider matters not included in the record on appeal. Lineville v. State, 634 So.2d 601 (Ala.Cr.App. 1993). It is the appellant's burden to provide a reviewing court with a complete record on appeal. Wilkerson v. State, 686 So.2d 1266
(Ala.Cr.App. 1996). Here, the record does not include the complaint or the trial transcript; therefore, we cannot review this issue.
Even if we could review this issue, Moman's argument is completely without merit. Rule 13.3(a)(3), Ala.R.Crim.P., states "[t]wo or more offenses shall not be joined in the same count."Black's Law Dictionary, 1081 (6th ed. 1990), defines offense as "[a] felony or misdemeanor; a breach of the criminal laws; violation of law for which penalty is prescribed."
The language of § 32-5A-191(a), the statute defining the offense of driving under the influence of alcohol, does not provide separate offenses, as Moman states in his brief. (Appellant's brief, p. 10-11.) Rather, driving under the influence of alcohol and being in physical control of an automobile while under the influence of alcohol are two ways of proving the single offense of driving under the influence of alcohol. The Alabama Supreme Court explained this in Exparte City of Gadsden, 495 So.2d 1144 (Ala. 1986), stating:
 "In Alabama, there are two ways to prove that a person has been driving under the influence of alcohol. The first way is through direct evidence, such as the testimony of an eyewitness, normally the arresting officer. The second method is through the use of circumstantial evidence to prove that the person, although not actually seen driving the vehicle, had `actual physical control' over it."
Id. at 1145. By extending the statute to include "shall not . . . be in physical control of any vehicle while . . . under the influence of alcohol," the Alabama legislature broadened the circumstances under which a person can be convicted of driving under the influence of alcohol. Therefore, we hold that § 32-5A- 191, Ala. Code 1975, does not define two separate offenses and that, therefore, there was no violation of Rule 13.3, Ala.R.Crim.P.
For the above-stated reasons, the judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
Long, P.J., and McMillan, Baschab, and Fry JJ., concur.