On Return to Remand
On August 25, 2000, we remanded this case to the circuit court for it to impose the mandatory fine provided under the Demand Reduction Assessment Act, § 13A-12-281(a), Ala. Code 1975; to impose the mandatory $100 assessment for the Alabama Forensic Sciences Trust Fund as provided in § 36-18-7(b), Ala. Code 1975; and to indicate on the record that Harris's driving privileges should be suspended by the Department of Public Safety as provided in § 13A-12-290, Ala. Code 1975. Harris v. State, 826 So.2d 897 (Ala.Crim.App. 2000).
In accordance with our directions on remand, the trial court imposed the proper fines and noted on the case action summary that Harris's driver's license should be suspended pursuant to § 13A-12-290, Ala. Code 1975[1].
Accordingly, the judgment is now affirmed.
AFFIRMED.
Long, P.J., and McMillan, Cobb, and Baschab, JJ., concur.
[1] While we realize that, pursuant to § 13A-12-290, Ala. Code 1975, it is the responsibility of the Department of Public Safety ("DPS") and not the trial court to suspend a defendant's driver's license (see Moman v. City of Leeds, 748 So.2d 226 (Ala.Crim.App. 1999)), § 13A-12-292, Ala. Code 1975, states in pertinent part:
 "Upon conviction or adjudication of, or finding of delinquency based on, any of the offenses enumerated in § 13A-12-291, the court shall take the defendant's driver license and immediately forward it to the Department of Public Safety."
(Emphasis added.)
In addition, DPS should be notified that the defendant has been convicted of a nontraffic offense that requires his driver's license to be suspended. The record shall indicate that the defendant's driver's license has been seized and that DPS has been notified. *Page 901