BLAIR COMPANY, A CORPORATION, APPELLANT, V. AMERICAN SAVINGS COMPANY, A CORPORATION, ET AL., APPELLEES.

169 N. W. 2d 292

Filed June 27, 1969. No. 37209.

Webb, Kelley, Green & Byam, for appellant.

Crosby, Pansing, Guenzel & Binning, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, MCCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action for a declaratory judgment to determine the validity of the Nebraska Trust Deeds Act, sections 76-1001 to 76-1018, R. R. S. 1943.

The facts are not in dispute. The plaintiff Blair Company executed and delivered a note secured by trust deed to the defendant American Savings Company. A default occurred and notice of default was recorded on February 23, 1968. This action was then brought to declare the Nebraska Trust Deeds Act invalid; to determine that the trust deed was in fact a mortgage; and to enjoin the sale of the property. The parties stipulated that the property would have been sold by the trustee but for the restraining order issued by the district court.

The district court found that the Nebraska Trust Deeds Act was constitutional; that the plaintiff was not entitled to injunctive relief; and dismissed the action. The

plaintiff's motion for new trial was overruled and it has appealed.

The Nebraska Trust Deeds Act was enacted by the 1965 Legislature. Laws 1965, c. 451, p. 1423. It authorizes the use of trust deeds to secure the performance of obligations and prescribes, generally, the procedures for their execution and enforcement. The act provides that a trust deed may confer a power of sale upon the trustee. In the event of a default, the trust property may be sold by the trustee to satisfy the obligation secured. The act also provides for the substitution of trustees, reinstatement after default, and the procedure for the sale and conveyance of the trust property by the trustee.

The plaintiff contends that the act is invalid because it is amendatory and does not contain the sections amended as required by Article III, section 14, Constitution of Nebraska. The plaintiff suggests section 76-251, R. R. S. 1943, which provides as follows, as a section in conflict with the Nebraska Trust Deeds Act: "Every deed conveying real estate, which, by any other instrument in writing, shall appear to have been intended only as a security in the nature of a mortgage, though it be an absolute conveyance in terms, shall be considered as a mortgage. The person for whose benefit such deed shall be made shall not derive any advantage from the recording thereof, unless every writing operating as a defeasance, or explaining its effect as a mortgage, or conditional deed, is also recorded therewith and at the same time."

The defendant contends that the Nebraska Trust Deeds Act is an independent act complete within itself. The constitutional provision does not apply to an independent act. Obitz v. Airport Authority of the City of Red Cloud, 181 Neb. 410, 149 N. W. 2d 105.

The Nebraska Trust Deeds Act authorizes the use of a security device which was not available prior to its enactment. The act permits the use of an instrument

which may be foreclosed by sale without the necessity of judicial proceedings. It authorizes and permits a method of financing which was not formerly available, since trust deeds have been considered to be subject to the same rules and restrictions as mortgages. See Comstock v. Michael, 17 Neb. 288, 22 N. W. 549. The act is complete in that it prescribes in detail the procedures to be followed in the execution and enforcement of trust deeds. It does not cover the entire subject of secured real estate transactions but it does cover the subject of trust deeds. We conclude that the act is an independent act, not amendatory in nature, and not in violation of Article III, section 14, Constitution of Nebraska. To the extent that section 76-251, R. R. S. 1943, may be in conflict with the Nebraska Trust Deeds Act, it is modified by implication. Chicago & N. W. Ry. Co. v. County Board of Dodge County, 148 Neb. 648, 28 N. W. 2d 396.

The plaintiff further contends that, in any event, a trust deed may not be foreclosed by a trustee's sale since an extra-judicial sale is void as between the parties in Nebraska. Cullen v. Casey, 1 Neb. (Unof.) 344, 95 N. W. 605. See, also, Kyger v. Ryley, 2 Neb. 20; Comstock v. Michael, *supra;* Wheeler v. Sexton, 34 F. 154. One purpose of the Nebraska Trust Deeds Act was to change this rule and permit a sale of the trust property by the trustee under the conditions set out in the act.

We, of course, are concerned only with the validity of the legislation and not its wisdom. If the act is not in contravention of the Constitution, it must be declared valid.

The judgment of the district court is affirmed.

AFFIRMED.