Mutual of Omaha Bank, as successor by merger to
Nebraska State Bank of Omaha, appellee, v.
Sam Murante, an individual, appellant.
___ N.W.2d ___

Filed April 25, 2013.    No. S-11-1101.

1.  **Statutes: Appeal and Error.** Statutory interpretation is a question of law that an appellate court resolves independently of the trial court.
2.  **Contracts: Judgments: Appeal and Error.** The meaning of a contract is a question of law, in connection with which an appellate court has an obligation to reach its conclusions independently of the determinations made by the court below.
3.  **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admissible evidence offered at the hearing show that there is no genuine issue as to any material facts or the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.
4.  ____: ____. In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence.
5.  **Statutes: Appeal and Error.** Absent a statutory indication to the contrary, an appellate court gives words in a statute their ordinary meaning.
6.  **Statutes: Legislature: Intent: Appeal and Error.** An appellate court will not look beyond a statute to determine the legislative intent when the words are plain, direct, or unambiguous.
7.  **Contracts: Guaranty: Debtors and Creditors: Words and Phrases.** A guaranty is a contract by which the guarantor promises to make payment if the principal debtor defaults.
8.  **Contracts: Guaranty.** A guaranty is an independent contract that imposes responsibilities different from those imposed in an agreement to which it is collateral.
9.  ____: ____. A guaranty is interpreted using the same general rules as are used for other contracts.
10. ____: ____. A guaranty must be interpreted by reference to the entire document, with meaning and effect given to every part of the guaranty whenever possible.
11. **Pleadings: Appeal and Error.** Permission to amend pleadings is addressed to the discretion of the trial court; absent an abuse of discretion, the trial court's decision will be affirmed.

Appeal from the District Court for Douglas County: Gary B. Randall, Judge. Affirmed.

Steven J. Olson, of Brown & Brown, P.C., L.L.O., and Michael J. O'Bradovich for appellant.

Patrick B. Griffin and Alison M. Gutierrez, of Kutak Rock, L.L.P., for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, and McCORMACK, JJ., and INBODY, Chief Judge.

WRIGHT, J.

## NATURE OF CASE

This case presents the question of whether a guaranty of a promissory note secured by a deed of trust is subject to the Nebraska Trust Deeds Act (Act), see Neb. Rev. Stat. § 76-1001 to § 76-1018 (Reissue 2009 & Cum. Supp. 2012). The lender made loans to the borrower which were secured by deeds of trust describing real estate owned by the borrower. As additional security for the loans to the borrower, the guarantor promised payment of the indebtedness on the notes. When the borrower defaulted, the lender sought payment of the indebtedness from the guarantor. The district court granted summary judgment in favor of the lender. The guarantor claims his obligation on the guaranty is subject to § 76-1013 of the Act. We affirm.

## SCOPE OF REVIEW

[1] Statutory interpretation is a question of law that an appellate court resolves independently of the trial court. *Bacon v. DBI/SALA*, 284 Neb. 579, 822 N.W.2d 14 (2012).

[2] The meaning of a contract is a question of law, in connection with which an appellate court has an obligation to reach its conclusions independently of the determinations made by the court below. *McKinnis Roofing v. Hicks*, 282 Neb. 34, 803 N.W.2d 414 (2011).

[3,4] An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admissible evidence offered at the hearing show that there is no genuine issue as to any material facts or the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Zawaideh v. Nebraska Dept. of Health & Human Servs.*, ante p. 48, 825 N.W.2d 204 (2013). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against

whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence. *Id*.

## FACTS

### Background Facts

In 2005, Sam Murante, who is a real estate broker, and a real estate agent formed Sutherlands Plaza, L.L.C. (Sutherlands), and began the development of the Sutherlands property at 29th and L Streets in Omaha. Mutual of Omaha Bank (Mutual) and its predecessor, Nebraska State Bank of Omaha, made four loans to Sutherlands. Each loan was evidenced by a promissory note, and Sutherlands executed four deeds of trust.

The first loan to Sutherlands was for $2,233,950 and was secured by two deeds of trust. The loan was later refinanced to a $2,337,078 note and remained secured by the two deeds of trust. The second loan was for $619,250 and was secured by the first deed of trust.

In November 2007, Mutual became the holder of the notes and the beneficiary of the deeds of trust. Mutual made a third loan for $122,500 and a fourth loan for $75,000 to Sutherlands, which were secured by a third and fourth deed of trust, respectively.

### Murante's Guaranty Contract

As additional security for the first loan, Murante executed a commercial guaranty dated October 31, 2005. Murante unconditionally guaranteed full payment and satisfaction of Sutherlands' debt and obligations evidenced by the notes. He agreed to pay the principal amount outstanding on all debts, liabilities, and obligations Sutherlands owed to Mutual. The guaranty permitted Mutual to proceed against Murante on his obligation under the guaranty even when Mutual had not exhausted its remedies against Sutherlands. Murante waived all defenses based on suretyship or impairment of collateral except payment in full, including any defense from an antideficiency or other law which might prevent Mutual from bringing an action, including a deficiency action, against him.

## TRUSTEE'S SALE

In 2010, Sutherlands defaulted and Mutual served written notice of default to Sutherlands. Sutherlands failed to cure the defaults and filed for bankruptcy on September 2, 2010. Mutual exercised its right to accelerate the debt. Murante was served with written notice of default, acceleration, and demand for payment, but did not pay the debt. As of January 1, 2011, Murante owed Mutual $3,292,839.33. On January 18, Mutual commenced an action against Murante for breach of the guaranty agreement.

After it had commenced its action on the guaranty, Mutual sold the real estate which secured the loans at a trustee's sale. On March 17, 2011, notice of the trustee's sale was published, which stated the real estate described in the deeds of trust would be sold to the highest bidder on April 26. At the trustee's sale, three parties identified themselves as having an interest in bidding. Mutual submitted the only bid of $1,658,000, and the property was conveyed to Mutual by trustee's deed.

## DISTRICT COURT DECISION

In this action to enforce the guaranty contract, the district court concluded that under the terms of the guaranty, Sutherlands' debt was not extinguished and Murante remained liable for Sutherlands' indebtedness. Murante had moved to amend his answer to assert that he was no longer liable to Mutual, because Mutual was barred by § 76-1013 from pursuing a deficiency action against Sutherlands. The district court overruled Murante's motion to amend and sustained Mutual's motion for summary judgment. It entered judgment against Murante for the full amount of Sutherlands' indebtedness, less Mutual's bid of $1,658,000.

Murante appealed, and we granted his petition to bypass the Nebraska Court of Appeals.

## ASSIGNMENTS OF ERROR

Murante assigns, summarized and restated, that the district court erred in (1) holding that § 76-1013 did not apply to the action and that the debt was not extinguished by Mutual's failure to bring a deficiency action against Sutherlands,

(2) sustaining Mutual's motion for summary judgment and overruling his motion to amend, and (3) failing to exercise its equity authority to perform an accounting and prevent a windfall.

## ANALYSIS

### Effect of § 76-1013

Murante claims that the guaranty agreement is subject to the Act. Because the fair market value of the real estate sold at the trustee's sale is higher than the trustee sale price of $1,658,000, he claims he is entitled to have the fair market value of the property credited against the debt.

Our interpretation of the Act is a question of law which we determine independently of the court below. For the reasons set forth, we conclude that the Act does not apply to Mutual's action on the guaranty. We therefore affirm the judgment of the district court. Section § 76-1013 states in relevant part:

> At any time within three months after any sale of property under a trust deed, . . . an action may be commenced to recover the balance due upon the obligation for which the trust deed was given as security . . . . Before rendering judgment, the court shall find the fair market value at the date of sale of the property sold. The court shall not render judgment for more than the amount by which the amount of the indebtedness with interest and the costs and expenses of sale, including trustee's fees, exceeds the fair market value of the property or interest therein sold as of the date of the sale . . . .

[5,6] Absent a statutory indication to the contrary, we give words in a statute their ordinary meaning. *In re Interest of Erick M.*, 284 Neb. 340, 820 N.W.2d 639 (2012). We will not look beyond the statute to determine the legislative intent when the words are plain, direct, or unambiguous. *Id*. The Act applies to actions for deficiencies on the obligation for which a deed of trust was given as security. Section 76-1013 limits the lender's rights against the borrower if certain facts are present: the loan to the borrower is secured by a deed of trust and the lender proceeds under the Act by selling the property described in the deed of trust.

Following the nonjudicial foreclosure of the property, § 76-1013 requires that any action for a deficiency against the borrower must be commenced within 3 months of the trustee's sale. Before entering a judgment on the balance due, the court is required to find the fair market value of the property at the date of the trustee's sale. The court shall not render judgment for more than the amount by which the amount of the indebtedness with interest, costs, and expenses of sale exceeds the fair market value of the property. See § 76-1013.

Deeds of trust permit the lender to obtain prompt possession and sale of the real estate which the borrower has pledged as security without incurring the time and expense of judicial foreclosure. See *Gilroy v. Ryberg*, 266 Neb. 617, 667 N.W.2d 544 (2003). The Act applies to actions based on obligations for which a deed of trust has been given as security. If the lender elects to sell the property at a trustee's sale, then the lender's action for a deficiency against the borrower is limited by the provisions of the Act. However, the Act does not limit the rights of a lender who proceeds against a guarantor who by separate contract has guaranteed the payment of the note.

[7,8] A guaranty is a contract by which the guarantor promises to make payment if the principal debtor defaults. *NEBCO, Inc. v. Adams*, 270 Neb. 484, 704 N.W.2d 777 (2005). A bank may obtain a guaranty as security in addition to a trust deed. A guaranty is an independent contract that imposes responsibilities different from those imposed in an agreement to which it is collateral. *Builders Supply Co. v. Czerwinski*, 275 Neb. 622, 748 N.W.2d 645 (2008). See, also, *Mowery v. Mast*, 9 Neb. 445, 4 N.W. 69 (1880). Murante's guaranty was additional security for the loans to Sutherlands. It was a separate and distinct obligation from the promissory notes executed by Sutherlands. Because Murante did not give a deed of trust as security for his guaranty, Mutual's rights under the guaranty were not subject to the provisions of the Act.

[9,10] We examine the guaranty as an independent contract from the note and trust deed executed by the borrower. The meaning of a contract is a question of law, in connection with

which an appellate court has an obligation to reach its conclusions independently of the determinations made by the court below. *McKinnis Roofing v. Hicks*, 282 Neb. 34, 803 N.W.2d 414 (2011). A guaranty is interpreted using the same general rules as are used for other contracts. *Czerwinski, supra*. A guaranty must be interpreted by reference to the entire document, with meaning and effect given to every part of the guaranty whenever possible. See *Knox v. Cook*, 233 Neb. 387, 446 N.W.2d 1 (1989).

Murante asserts that his liability under the guaranty is the same as Sutherlands' liability on the notes. This argument is without merit. The debt as evidenced by the notes has not been extinguished. The fact that Mutual is precluded by § 76-1013 from bringing an action against Sutherlands for the deficiency on the notes does not eliminate Murante's obligation under the guaranty.

> "If the principal obligation is not void . . . but is merely unenforceable against the debtor because of some matter of defense which is personal to the debtor, the guarantor may not successfully set up this matter to defeat an action by the creditor or obligee seeking to hold the guarantor liable on the contract of guaranty."

*Department of Banking v. Keeley*, 183 Neb. 370, 372, 160 N.W.2d 206, 207-08 (1968) (quoting 38 Am. Jur. 2d *Guaranty* § 52 (1968)).

Under the terms of the guaranty, Murante agreed to pay Sutherlands' debt to Mutual. He "absolutely and unconditionally guarantee[d] full and punctual payment and satisfaction of the [i]ndebtedness of [Sutherlands] to [Mutual], and the performance and discharge of all [Sutherlands'] obligations under the [n]ote and the [r]elated [d]ocuments." The guaranty permitted Mutual to enforce payment under the guaranty without first exhausting its remedies against Sutherlands. The guaranty was "a guaranty of payment and performance and not of collection, so [Mutual] can enforce this [g]uaranty against [Murante] even when [Mutual] has not exhausted [Mutual's] remedies against anyone else obligated to pay the [i]ndebtedness or against any collateral securing the [i]ndebtedness, this [g]uaranty or

any other guaranty." Murante expressly waived every defense based on suretyship or impairment of collateral except payment in full. He waived

> any and all rights or defenses based on suretyship or impairment of collateral including, but not limited to, any rights or defenses arising by reason of . . . any "one action" or "anti-deficiency" law or any other law which may prevent [Mutual] from bringing any action, including a claim for deficiency, against [Murante], before or after [Mutual's] commencement or completion of any foreclosure action, either judicially or by exercise of a power of sale; . . . or . . . any defenses given to guarantors at law or in equity other than actual payment and performance of the [i]ndebtedness.

The fact that Mutual could no longer proceed against Sutherlands for payment of the deficiency did not extinguish Murante's liability to Mutual.

The guaranty also made Murante liable for the entire amount of Sutherlands' debt. The indebtedness that Murante agreed to pay included "all of the principal amount outstanding . . . arising from any and all debts, liabilities and obligations of every nature or form, now existing or hereafter arising or acquired, that [Sutherlands] individually or collectively or interchangeably with others, owes or will owe [Mutual]." The guaranty applied to additional loans made to Sutherlands before the guaranty was revoked. The record does not show that Murante revoked the guaranty. Accordingly, under the terms of the guaranty, Murante was liable for payment on all four notes, less the amount received from the trustee's sale.

In Nebraska, there are two cases which have discussed the Act. In *Sports Courts of Omaha v. Meginnis*, 242 Neb. 768, 497 N.W.2d 38 (1993), this court considered whether the lender could bring a deficiency action more than 3 months after a trustee's sale. Harry W. Meginnis, Jr., was a shareholder of Tom-Har, Inc., which purchased a sport facility for $600,000. He was a comaker of a note secured by a deed of trust to the sport facility real estate. Tom-Har failed to pay, the property was sold at a trustee's sale, and the proceeds were insufficient to pay the debt. We held that because the

lender elected to sell the property at a trustee's sale, an action for a deficiency against the borrower had to be commenced within 3 months from the date of the trustee's sale. Because the lender failed to commence a deficiency action against Meginnis within 3 months of the trustee's sale, the action on the deficiency was barred by the 3-month limitation described in § 76-1013.

The Nebraska Court of Appeals has addressed whether a lender's action on a guaranty had to be commenced within 3 months after a trustee's sale. In *Boxum v. Munce*, 16 Neb. App. 731, 751 N.W.2d 657 (2008), the borrowers, David S. Carl and Teena R. Carl, gave Richard H. Boxum a $28,500 promissory note and a deed of trust as security for a loan for the purchase and improvement of real estate. Harry J. Munce and Sherry L. Munce guaranteed the note. The Carls' obligation on the note was discharged in bankruptcy, and the property described in the deed of trust was sold at a trustee's sale.

Boxum sued the Munces on the guaranty. The trial court dismissed Boxum's claim, concluding that Boxum's action on the guaranty had not been commenced within 3 months of the trustee's sale. The Nebraska Court of Appeals reversed. It held that § 76-1013 applied only to a deficiency action on an obligation secured by a deed of trust. True, any action against the Carls on the promissory note had to have been commenced within 3 months from the date of the trustee's sale. However, since the action on the guaranty did not involve a trustee's sale pursuant to the deed of trust, the action on the guaranty was not subject to § 76-1013. Implicit in the Court of Appeals' decision was the determination that the Act did not apply to actions on a guaranty in which the guaranty was not secured by a deed of trust.

Murante argues that the Legislature did not intend to create one rule to measure the liability of the borrower and a different rule to measure the liability of the guarantor. We disagree. The plain language of the Act limits the borrower's liability when the property secured by a deed of trust has been sold at a trustee's sale, but imposes no limitations on a guarantor's liability. We will not look beyond the statute to determine the legislative intent when the words are plain, direct, or

unambiguous. *In re Interest of Erick M.*, 284 Neb. 340, 820 N.W.2d 639 (2012). The Legislature has not included guarantors within the protection of the Act, and could certainly do so if that were its intent.

## Authority Holding Guarantors Protected by Antideficiency Statute

Murante relies upon *Surety Life Ins. Co. v. Smith*, 892 P.2d 1 (Utah 1995). Utah's act covering deeds of trust is similar to Nebraska's. The guarantors signed guaranty agreements regarding obligations of their partnership. When the partnership defaulted, the real estate listed in the deed of trust was sold by a nonjudicial foreclosure. The lender brought an action against the guarantors to recover a claimed deficiency.

The lender argued that the antideficiency statute did not apply to the guarantors, because no deed of trust had been given to secure the guaranties. The Utah Supreme Court disagreed. It held that the statute protected any defendant who could be the subject of an action to recover any deficiency on the indebtedness after the trustee's sale. It concluded the determining factor was not whether the lender brought the action to enforce the note or the guaranty, but whether the lender brought the action for the purpose of obtaining the balance due on the note. It held the statute's 3-month limitation of actions for a deficiency barred the lender from bringing the action against the guarantors.

Murante also cites two cases from other jurisdictions. In *First Interstate Bank v. Tatum and Bell*, 170 Ariz. 99, 821 P.2d 1384 (Ariz. App. 1991), the Arizona appellate court applied the same reasoning as the Utah Supreme Court. It concluded that the action on the guaranty was an attempt to recover the amount due on the loan. Because the loan was secured by a deed of trust, the fair market value credit provision in the statute applied to a deficiency action brought against the guarantor.

In *First Interstate Bank v. Shields*, 102 Nev. 616, 730 P.2d 429 (1986), the lender argued Nevada's antideficiency statute did not protect the guarantor. The Nevada Supreme Court held the state's antideficiency statute applied to the guarantor even

if the guarantor had no interest in the property which had been given to secure the initial obligation.

We do not find these authorities persuasive. The Utah Supreme Court focused on the note of indebtedness and concluded that the antideficiency statute applied because both the deed of trust and the guaranty secured the note. This focus ignores the fact that the note and guaranty are separate agreements involving different parties. In *Builders Supply Co. v. Czerwinski*, 275 Neb. 622, 748 N.W.2d 645 (2008), we recognized that a guaranty is an independent contract that imposes responsibilities different from those imposed in an agreement to which it is collateral. And implicit in *Boxum v. Munce*, 16 Neb. App. 731, 751 N.W.2d 657 (2008), was the conclusion that the Act applied to an action for a deficiency on a note secured by a deed of trust following a trustee's sale of the property, but did not apply to a guaranty that was not secured by a deed of trust.

The cases Murante cites do not give sufficient weight to the separate obligations of the borrower and the guarantor. Instead, they conclude that guarantors are protected because the guaranty and the deed of trust secure the same obligation.

### Authority Holding Guarantors Not Protected by Antideficiency Statute

In contrast, Nebraska law has focused on the separate obligations created by the note and the guaranty. See *Boxum, supra*. Several other state courts have followed a similar analysis. In 1937, the California Supreme Court held that the state's antideficiency statute did not apply to guarantors. See *Bank of America etc. Assn. v. Hunter*, 8 Cal. 2d 592, 67 P.2d 99 (1937). The defendant had signed a guaranty promising payment up to $4,300 on a promissory note. The loan, evidenced by a $10,800 note, was secured by a deed of trust to real estate. The note was not paid, and the real estate was sold at a trustee's sale. A deficiency remained, and an action was brought against the guarantor to recover under the guaranty. The guarantor claimed the suit was time barred because it was not brought within 3 months of the trustee's sale. The court concluded the 3-month statute of limitations for bringing a

deficiency action following a trust deed sale did not apply to the guarantor.

In *National City Bank v. Lundgren*, 435 N.W.2d 588 (Minn. App. 1989), the court held that a guarantor who had unconditionally guaranteed a debt was not protected by the state's antideficiency statute. The court recognized that an unconditional guaranty was a separate obligation from loans secured by the guaranty.

In *Bank of Kirkwood Plaza v. Mueller*, 294 N.W.2d 640 (N.D. 1980), the North Dakota Supreme Court determined the state's antideficiency statute did not apply to guarantors. It concluded that a guaranty was a separate contract and that the legislature had not included guarantors within the protection of the statute.

In *First Sec. Bank of Idaho, N.A. v. Gaige*, 115 Idaho 172, 765 P.2d 683 (1988), the court held the antideficiency statute protected a borrower who gives the security described in the deed of trust, but did not protect guarantors. It left the issue to the legislature to extend the protection of the statute to guarantors.

## MURANTE'S EQUITABLE CLAIM

In the alternative, Murante argues that because the fair market value of the property is greater than the amount from the trustee's sale, the district court could apply its equitable powers and give him credit for the fair market value. This argument is without merit. It is merely an attempt to reargue that § 76-1013 applies to Murante's guaranty.

## DISPOSITION

[11] On July 28, 2011, Murante moved to amend his answer and add an additional affirmative defense based on § 76-1013. The district court denied the motion, determining the amendment would be futile. We have concluded that § 76-1013 did not apply to the guaranty. Therefore, Murante's affirmative defense based upon § 76-1013 would be futile. Permission to amend pleadings is addressed to the discretion of the trial court; absent an abuse of discretion, the trial court's decision will be affirmed. *Postma v. B & R Stores*, 250 Neb. 466, 550

N.W.2d 34 (1996). The district court did not abuse its discretion in denying Murante's motion to amend.

The district court correctly determined that Murante was liable to Mutual under the guaranty agreement for the amount of Sutherlands' indebtedness minus the credit bid from the trustee's sale. There are no material issues of fact, and Mutual is entitled to judgment as a matter of law. Accordingly, the district court did not err in sustaining Mutual's motion for summary judgment. See *Zawaideh v. Nebraska Dept. of Health & Human Servs., ante* p. 48, 825 N.W.2d 204 (2013).

CONCLUSION

Murante's guaranty was not subject to the Act, and under the terms of the guaranty, Murante is liable for the total amount of Sutherlands' debt, less the trustee's sale price. The district court did not abuse its discretion in denying Murante's motion for leave to amend the complaint, and it did not err in sustaining Mutual's motion for summary judgment. We affirm the decision of the district court.

AFFIRMED.

STEPHAN, MILLER-LERMAN, and CASSEL, JJ., not participating.

---

JEANETTE CHURCHILL, APPELLANT, V. COLUMBUS
COMMUNITY HOSPITAL, INC., A NEBRASKA
CORPORATION, ET AL., APPELLEES.

___ N.W.2d ___

Filed April 25, 2013.    No. S-12-452.

1. **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law.

2. ____: ____. In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence.

3. **Limitations of Actions.** Which statute of limitations applies is a question of law.