First National Bank of Omaha, appellant,
v. Scott L. Davey and Deborah
A. Davey, appellees.
___ N.W.2d ___

Filed May 3, 2013.   No. S-12-761.

1. **Limitations of Actions.** Which statute of limitations applies is a question of law.
2. **Statutes.** Statutory interpretation is a question of law.
3. **Judgments: Appeal and Error.** When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court.
4. **Trusts: Deeds: Foreclosure: Mortgages.** The Nebraska Trust Deeds Act recognizes the existence of two different methods of foreclosing a trust deed: (1) by nonjudicial foreclosure, which relies upon the exercise of the trustee's power of sale pursuant to the act, or (2) by judicial foreclosure in the manner of mortgages, which does not depend upon or use the trustee's power of sale, but, rather, results in a sheriff's sale by decree of the district court.
5. **Promissory Notes: Mortgages: Foreclosure: Equity.** A suit on a note, secured by a real estate mortgage, is a suit at law, independent, separate, and distinct from a suit in equity to foreclose and satisfy a mortgage.
6. **Trusts: Deeds: Statutes.** Because trust deeds did not exist at common law, the trust deed statutes are to be strictly construed.
7. **Statutes.** In the absence of any indication to the contrary, statutory language is to be given its plain and ordinary meaning.
8. **Trusts: Deeds: Foreclosure.** The judicial foreclosure of a trust deed does not result in the sale of property under a trust deed.
9. **Trusts: Deeds: Foreclosure: Limitations of Actions.** A deficiency action brought after the judicial foreclosure of a trust deed is not governed by the 3-month statute of limitations set forth in Neb. Rev. Stat. § 76-1013 (Reissue 2009).
10. **Statutes: Appeal and Error.** When possible, an appellate court will try to avoid a statutory construction that would lead to an absurd result.

Appeal from the District Court for Douglas County: Marlon A. Polk, Judge. Reversed and remanded for further proceedings.

Donald J. Pavelka, Jr., and Patricia D. Schneider, of Locher, Pavelka, Dostal, Braddy & Hammes, L.L.C., for appellant.

Thalia Downing Carroll, of Thompson Law Office, P.C., L.L.O., for appellees.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, MILLER-LERMAN, and CASSEL, JJ.

CASSEL, J.

## INTRODUCTION

In this appeal, we must determine whether the special 3-month statute of limitations on actions for deficiency set forth in the Nebraska Trust Deeds Act (Act)[1] applies where a lender elects to judicially foreclose upon the real estate. We conclude that the special limitation applies only where the property has been sold by exercising the power of sale set forth in the trust deed. As we will explain, our conclusion follows from our previous decisions under the Act, is faithful to the plain language of the statute, avoids absurd results, and is consistent with decisions in other states. We therefore reverse the contrary decision of the district court.

## BACKGROUND

In 2009, in exchange for a loan of money, Scott L. Davey and Deborah A. Davey gave a promissory note to the First National Bank of Omaha (First National) and secured the loan with a trust deed upon specific real property. When the Daveys defaulted on the note, First National initiated foreclosure proceedings in the district court for Washington County, Nebraska. Pursuant to a decree from that court, the property was sold by sheriff's sale on April 28, 2011. The district court confirmed the sale by an order entered on May 17.

Because the proceeds of the sheriff's sale were not sufficient to cover the full amount of the loan, First National filed a complaint in the district court for Douglas County to recover the deficiency. In the Daveys' answer, they raised the affirmative defense of the statute of limitations. Both parties subsequently filed motions for summary judgment.

After a hearing, the district court concluded that First National's action was governed by the statute of limitations in

---

[1] Neb. Rev. Stat. §§ 76-1001 to 76-1018 (Reissue 2009 & Cum. Supp. 2010).

§ 76-1013 and not the general statute of limitations for actions on written contracts in Neb. Rev. Stat. § 25-205 (Reissue 2008). It found that the Act "is unambiguous, and therefore does not need any interpretation by this [c]ourt, in its expression of the statutory time period for when a deficiency action must be brought." In support of its conclusion, the court cited to our decision in *Sports Courts of Omaha v. Meginnis*[2] and the Nebraska Court of Appeals' decision in *Boxum v. Munce*.[3] Because First National filed its complaint 99 days after the sheriff's sale, the court held that the action was barred by the statute of limitations in § 76-1013. Accordingly, the court denied First National's motion for summary judgment and granted the Daveys' motion for summary judgment.

First National timely appeals. Pursuant to statutory authority, we moved the case to our docket.[4]

## ASSIGNMENTS OF ERROR

First National makes five assignments of error, all of which essentially claim that the district court erred in applying the 3-month statute of limitations of § 76-1013 to a deficiency action following judicial foreclosure of a trust deed.

## STANDARD OF REVIEW

[1-3] Which statute of limitations applies[5] and matters of statutory interpretation[6] are both questions of law. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court.[7]

---

[2] *Sports Courts of Omaha v. Meginnis*, 242 Neb. 768, 497 N.W.2d 38 (1993).

[3] *Boxum v. Munce*, 16 Neb. App. 731, 751 N.W.2d 657 (2008).

[4] See Neb. Rev. Stat. § 24-1106 (Reissue 2008).

[5] See *Fitzgerald v. Community Redevelopment Corp.*, 283 Neb. 428, 811 N.W.2d 178 (2012).

[6] See *Kaapa Ethanol v. Board of Supervisors, ante* p. 112, 825 N.W.2d 761 (2013).

[7] See *Spady v. Spady*, 284 Neb. 885, 824 N.W.2d 366 (2012).

ANALYSIS

Before we turn to the specific language of § 76-1013 setting forth the special statute of limitations, we first recall the broader statutory scheme of which it is a part. The Act authorizes a trust deed to be used as a security device in Nebraska[8] and provides that real property can be conveyed by trust deed to a trustee as a means to secure the performance of an obligation.[9] The Act includes detailed procedures that, in the event of a breach of the underlying obligation, permit the trust property to be sold without the involvement of any court.[10] Specifically, the Act allows a trust deed to expressly confer upon a trustee the power of sale.[11] Pursuant to this power of sale, a trustee can sell the property conveyed by a trust deed without any court's authorization or direction, though the trustee must comply with procedural requirements contained in the Act.[12] Because the Act allows the property securing an obligation to be sold without the judicial involvement that would be required to foreclose upon a mortgage, the proceedings surrounding a trustee's sale pursuant to the Act are sometimes referred to as "nonjudicial foreclosure"[13] or "trustee foreclosure."[14]

[4] The specific statute within the Act that authorizes the conferral of the power of sale upon the trustee is § 76-1005. According to this section, under the power of sale, "the trust property may be sold in the manner provided in [the Act] after a breach of an obligation for which the trust property is

---

[8] See *Blair Co. v. American Savings Co.*, 184 Neb. 557, 169 N.W.2d 292 (1969).

[9] See § 76-1002(1).

[10] See §§ 76-1006 to 76-1011.

[11] See § 76-1005.

[12] See §§ 76-1006 to 76-1011.

[13] See *Westin Hills v. Federal Nat. Mortgage Assn.*, 283 Neb. 960, 814 N.W.2d 378 (2012).

[14] See, e.g., *PSB Credit Servs. v. Rich*, 251 Neb. 474, 558 N.W.2d 295 (1997).

conveyed as security."[15] But this section also states that a trust deed "may be foreclosed in the manner provided by law for the foreclosure of mortgages on real property."[16] In this way, the Act recognizes the existence of two different methods of foreclosing a trust deed: (1) by nonjudicial foreclosure, which relies upon the exercise of the trustee's power of sale pursuant to the Act, or (2) by judicial foreclosure in the manner of mortgages, which does not depend upon or use the trustee's power of sale, but, rather, results in a sheriff's sale by decree of the district court.[17]

[5] If the proceeds from the sale in a judicial foreclosure are not sufficient to cover the full amount of the underlying obligation, the creditor is permitted to bring an action to recover the deficiency.[18] And we have held that "a suit on a note, secured by a real estate mortgage, is a suit at law, independent, separate[,] and distinct from a suit in equity to foreclose and satisfy a mortgage."[19] In contrast, a deficiency action is specifically authorized by § 76-1013 following the exercise of the power of sale of a trust deed under the Act. Section 76-1013 provides as follows: "At any time within three months after any sale of property under a trust deed, as hereinabove provided, an action may be commenced to recover the balance due upon the obligation for which the trust deed was given as security . . . ." We have interpreted this statute as creating a statute of limitations.[20] It necessarily follows that this statute of limitations applies only to the action created by § 76-1013 and not to the "independent, separate, and distinct"

---

[15] § 76-1005.

[16] *Id.*

[17] See, e.g., *Bank of Papillion v. Nguyen*, 252 Neb. 926, 567 N.W.2d 166 (1997); *PSB Credit Servs. v. Rich, supra* note 14.

[18] See, e.g., *Carman v. Gibbs*, 220 Neb. 603, 371 N.W.2d 283 (1985).

[19] *Federal Farm Mtg. Corporation v. Thiele*, 137 Neb. 626, 632, 290 N.W. 471, 473 (1940).

[20] See, e.g., *Sports Courts of Omaha v. Meginnis, supra* note 2.

action at law upon a promissory note following the completion of a judicial foreclosure.[21]

In the instant case, First National filed an action to recover the deficiency remaining on the obligation after sale of the Daveys' property in judicial foreclosure. The action was filed more than 3 months after the sheriff's sale, and the Daveys raised the statute of limitations as an affirmative defense. Because First National foreclosed upon the relevant trust deed as if it were a mortgage instead of following the procedures for nonjudicial foreclosure provided in the Act, First National argued that the general 5-year statute of limitations for actions on written contracts applied, under which its action would have been timely.[22] Essentially, the parties disagreed as to whether the statute of limitations in § 76-1013 applied to deficiency actions brought after either kind of foreclosure allowed by the Act or only to deficiency actions filed after the sale of property pursuant to the trustee's power of sale. The district court held that the 3-month statute of limitations in § 76-1013 applied to deficiency actions filed after both types of foreclosure, thereby making First National's deficiency action untimely. We must now decide whether the court properly reached this conclusion.

[6,7] In considering this question, we interpret and apply the language of § 76-1013, specifically the language "sale of property under a trust deed, as hereinabove provided." The Act, of which this statute is a part, "authorizes the use of a security device which was not available prior to its enactment."[23] Because the Act made a change in common law, we strictly construe the statutes comprising the Act,[24] as have previous courts interpreting the Act.[25] Thus, because trust deeds did not

---

[21] See *Federal Farm Mtg. Corporation v. Thiele, supra* note 19.

[22] See § 25-205.

[23] *Blair Co. v. American Savings Co., supra* note 8, 184 Neb. at 558, 169 N.W.2d at 294.

[24] See *Blaser v. County of Madison, ante* p. 290, 826 N.W.2d 554 (2013).

[25] See *State Bank of Trenton v. Lutz*, 14 Neb. App. 884, 719 N.W.2d 731 (2006).

exist at common law, the trust deed statutes are to be strictly construed.[26] In the absence of any indication to the contrary, we also give the language of § 76-1013 its plain and ordinary meaning.[27]

Although § 76-1013 includes the special statute of limitations, its language sets forth numerous requirements bearing on the determination of a deficiency after the exercise of the power of sale. Section 76-1013 provides:

> At any time within three months after any *sale of property under a trust deed*, as hereinabove provided, an action may be commenced to recover the balance due upon the obligation for which the trust deed was given as security, and in such action the complaint shall set forth the entire amount of the indebtedness which was secured by such trust deed and the amount for which such property was sold and the fair market value thereof at the date of sale, together with interest on such indebtedness from the date of sale, the costs and expenses of exercising the power of sale and of the sale. Before rendering judgment, the court shall find the fair market value at the date of sale of the property sold. The court shall not render judgment for more than the amount by which the amount of the indebtedness with interest and the costs and expenses of sale, including trustee's fees, exceeds the fair market value of the property or interest therein sold as of the date of the sale, and in no event shall the amount of said judgment, exclusive of interest from the date of sale, exceed the difference between the amount for which the property was sold and the entire amount of the indebtedness secured thereby, including said costs and expenses of sale.

(Emphasis supplied.)

This court has already interpreted the key phrase "sale of property under a trust deed" as used in § 76-1013. In *Bank of*

---

[26] *Id.*

[27] See *In re Interest of Christopher T.*, 281 Neb. 1008, 801 N.W.2d 243 (2011).

*Papillion v. Nguyen*,[28] we held that "[t]he phrase 'sale of property under a trust deed' contained in § 76-1013 clearly refers to the exercise of the power of sale conferred by the trust deed upon the trustee pursuant to the statutory authority contained in § 76-1005." Thus, as previously interpreted by this court, the language of § 76-1013 indicates that the 3-month statute of limitations applies only to deficiency actions filed after the sale of property pursuant to the trustee's power of sale conveyed in a trust deed.

[8,9] In judicial foreclosure, the sale of property is ordered by the court.[29] The sale does not rely upon the exercise of the trustee's power of sale, but is conducted by a sheriff or another authorized person.[30] Consequently, under the reasoning of *Bank of Papillion v. Nguyen*,[31] the judicial foreclosure of a trust deed does not result in the "sale of property under a trust deed." Because it does not fall under the statutory language in § 76-1013, a deficiency action brought after the judicial foreclosure of a trust deed is not governed by the 3-month statute of limitations. Rather, it is governed by the general statute of limitations for actions on written contracts in § 25-205.

The Daveys' arguments on appeal do not dissuade us from this conclusion. They argue that § 76-1013 should apply to deficiency actions following judicial foreclosure as well as nonjudicial foreclosure, because the phrase "as hereinabove provided" in the statute refers back to § 76-1005, which section allows for the sale of property either by trustee's sale or in the manner of a mortgage. Because § 76-1005 is before—or above—§ 76-1013 within the Act and allows for two types of sale, the Daveys contend that the statutory language referring to the sale of property "as hereinabove provided" refers to both methods of foreclosure. We find this argument unpersuasive for three reasons.

---

[28] *Bank of Papillion v. Nguyen, supra* note 17, 252 Neb. at 933, 567 N.W.2d at 170.

[29] See Neb. Rev. Stat. § 25-2138 (Reissue 2008).

[30] See Neb. Rev. Stat. § 25-2144 (Cum. Supp. 2012).

[31] See *Bank of Papillion v. Nguyen, supra* note 17.

First, the language of § 76-1013 demonstrates that the statute's applicability is limited to deficiency actions brought after nonjudicial foreclosure by a trustee. As interpreted by this court in *Bank of Papillion v. Nguyen*,[32] the phrase "under a trust deed" limits the 3-month statute of limitations to actions commenced after a trustee's sale. Furthermore, § 76-1013 explicitly states that the "costs and expenses of sale" include trustee's fees. Such fees are incurred only when a trustee renders services.[33] And as noted previously, a trustee is not involved in the sale of property in a judicial foreclosure. Consequently, trustee's fees are incurred only in a nonjudicial foreclosure. Section 76-1013 also requires a court to find the fair market value of the property before rendering judgment in a deficiency action. In judicial foreclosure proceedings, this determination is implicitly made when the sale is confirmed by the court.[34] The sale confirmation statute speaks of the court's being satisfied that the property sold for "fair value."[35] Where the evidence establishes that the sale price was inadequate, it is the duty of the court to deny confirmation of the judicial sale.[36] Thus, in a judicial foreclosure, the determination of value has already been made before the commencement of any action for deficiency. The finding of fair market value required by § 76-1013 is only necessary during a deficiency action when the trust deed was nonjudicially foreclosed. Taken together, these specific provisions clearly dictate that § 76-1013 applies only to deficiency actions brought after a trustee's sale, in which case the specific phrase "as hereinabove provided" refers to the statutory procedures for trustee's sale as set forth in the Act.

[10] Second, the Daveys' interpretation of § 76-1013, if adopted, could lead to an absurd result. Unlike the trustee's sale in a nonjudicial foreclosure, a sheriff's sale must be

---

[32] See *id*.

[33] See *Arizona Motor Speedway v. Hoppe*, 244 Neb. 316, 506 N.W.2d 699 (1993).

[34] See Neb. Rev. Stat. § 25-1531 (Reissue 2008).

[35] See *id*.

[36] *First Nat. Bank of York v. Critel*, 251 Neb. 128, 555 N.W.2d 773 (1996).

confirmed by the court.[37] The debtor must be given 10 days'
notice of any hearing on the confirmation of the sale.[38] And
the debtor can petition the court to set aside the sale for up
to 60 days after a sale is confirmed.[39] At oral argument, the
Daveys contended that the 3-month statute of limitations in
§ 76-1013 would begin to run on the date of sale even where
confirmation of sale is required. They also acknowledged
that if this statute were applied to deficiency actions filed
after a judicial foreclosure, the statute of limitations could
run before a sale is confirmed. Although they asserted that a
confirmation could be routinely obtained within the 3-month
period, we do not share their conviction. As such, under the
Daveys' interpretation, a debtor could deprive a creditor of
the ability to bring a deficiency action simply by challeng-
ing the validity of a sale or its confirmation so as to run out
the statute of limitations. When possible, an appellate court
will try to avoid a statutory construction that would lead
to an absurd result.[40] The Daveys' interpretation permits an
absurd result.

Third, despite the Daveys' argument to the contrary, the
cases they use to support their interpretation do not directly
speak to the issue raised in this appeal. They cite to *Sports
Courts of Omaha v. Meginnis*[41] and *Boxum v. Munce*[42] for
the proposition that "the court must look to the obligation to
determine application of §76-1013."[43] While this is an accurate
statement from these cases, it must be viewed within the con-
text of the precise issue before those courts.

In *Sports Courts of Omaha v. Meginnis*,[44] this court defined
the deficiency action governed by § 76-1013 as an action

---

[37] See § 25-1531.

[38] See *id*.

[39] See *id*.

[40] *Bacon v. DBI/SALA*, 284 Neb. 579, 822 N.W.2d 14 (2012).

[41] *Sports Courts of Omaha v. Meginnis, supra* note 2.

[42] *Boxum v. Munce, supra* note 3.

[43] Brief for appellees at 8.

[44] *Sports Courts of Omaha v. Meginnis, supra* note 2.

brought on the underlying obligation and not on the trust deed. We rejected the argument that the statute of limitations in § 76-1013 did not apply to actions brought against parties who had no interest in the property identified in the trust deed, holding that the statute of limitations in § 76-1013 applied to actions brought to recover a deficiency on the underlying obligation. Therefore, since the deficiency action was brought against an individual who was a comaker of the original promissory note, the statute of limitations in § 76-1013 applied even though he had no interest in the property that had been foreclosed.

Similarly, in *Boxum v. Munce*,[45] the Nebraska Court of Appeals clarified that § 76-1013 does not cover actions brought on a guaranty, even if it guarantees payment of the obligation that was foreclosed. In defining the specific issue before the court, the Court of Appeals stated as follows:

> The key to the issue before us is recognition that the 3-month limitation is applicable to a suit which seeks a deficiency judgment on a particular obligation that was secured by the particular trust deed that was foreclosed. The 3-month statute of limitations applies only when the suit for deficiency is on the obligation for which the foreclosed trust deed was given as security.[46]

Thus, the courts in both *Sports Courts of Omaha v. Meginnis*[47] and *Boxum v. Munce*[48] were deciding what constitutes a deficiency action as contemplated by § 76-1013. To decide this, the courts did "look to the obligation," as the Daveys argue,[49] but neither of these cases addressed the precise question at issue in the present appeal—whether § 76-1013 applies to the judicial foreclosure of a trust deed. Furthermore, the properties in both of the cases cited by the Daveys were sold by trustee's sale, further limiting the applicability of these cases to

---

[45] *Boxum v. Munce, supra* note 3.

[46] *Id*. at 738, 751 N.W.2d at 662.

[47] *Sports Courts of Omaha v. Meginnis, supra* note 2.

[48] *Boxum v. Munce, supra* note 3.

[49] Brief for appellees at 8.

the instant appeal, which involves a judicial foreclosure. The cases cited by the Daveys do not affect our determination of whether § 76-1013 applies to deficiency actions brought after the judicial foreclosure of a trust deed.

The Daveys' arguments for a broader interpretation of § 76-1013 do not persuade us to depart from the interpretation previously adopted by this court in *Bank of Papillion v. Nguyen*.[50] Under that precedent, we are bound to find that the statute of limitations in § 76-1013 does not apply to deficiency actions brought following the judicial foreclosure of a trust deed, but only to deficiency actions filed after the sale of property pursuant to the trustee's power of sale. The district court erred in concluding otherwise.

We find further support for this conclusion in the decisions of other states having similar statutes. An Idaho court addressing the precise issue rejected the approach now urged by the Daveys.[51] The Supreme Court of Utah considered an analogous question of which attorney fees statute applied to a trust deed judicially foreclosed as a mortgage.[52] The Utah court observed that the Utah statute made it optional with the beneficiary of the trust deed whether to foreclose the trust property after a breach of an obligation in a manner provided for foreclosure of mortgages or to have the trustee proceed under the power of sale provided therein. The court rejected the debtors' argument that the smaller amount dictated by the attorney fee provision of their trust deed act controlled the fees for a judicial foreclosure. This reasoning is consistent with the language of the Act and bolsters our conclusion.

## CONCLUSION

Based on a previous interpretation by this court, we conclude that the statute of limitations in § 76-1013 applies only to deficiency actions filed after the exercise of the power of sale provided in a trust deed. A deficiency action brought

---

[50] *Bank of Papillion v. Nguyen, supra* note 17.

[51] *Thompson v. Kirsch*, 106 Idaho 177, 677 P.2d 490 (Idaho App. 1984).

[52] *Security Title Company v. Payless Builders Supply*, 17 Utah 2d 179, 407 P.2d 141 (1965).

following the judicial foreclosure of a trust deed is governed by the general 5-year statute of limitations for actions on written contracts in § 25-205. Because First National's deficiency action was brought within 5 years of the judicial sale of the real property, the district court erred in granting the Daveys' motion for summary judgment on the ground that the action was barred as untimely. Accordingly, we reverse the judgment and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

McCORMACK, J., participating on briefs.